## In re SORENSON.
### SORENSON v. COLLINS.
#### Nos. 5398, 5400.

Circuit Court of Appeals, Seventh Circuit.
May 3, 1935.

William M. Johnson, Tom D. McKeown, and Albert Langeluttig, all of Chicago, Ill., for appellant.

Meyer Fink and Max Daniels, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge.

This appeal is from an order dissolving an injunction granted under appellant's petition for composition or extension of payment of his debts, which was filed under section 74 of the Bankruptcy Act, as amended (11 USCA §202).

It appears that appellant owned real estate in Chicago, Ill., upon which there was a mortgage conveying the property to appellee, as trustee, to secure the mortgage debt. The trustee had brought a suit in the circuit court of Cook county, Ill., against appellant for foreclosure of the mortgage, in which suit, on May 25, 1934, the court duly entered a decree, in the usual form, for foreclosure of the mortgage. Sale under the decree was duly advertised by the master in chancery of the court for November 9, 1934. On October 19, 1934, appellant filed in the District Court his petition, under section 74 of the Bankruptcy Act, alleging his inability to meet his debts as they mature, and his desire to effect a composition or an extension of time to pay his debts, and presenting with his petition verified schedule of his property. On November 1, 1934, he presented to the District Court a petition setting forth his ownership of the mortgaged premises and the pendency of said suit by appellee for foreclosure of the mortgage thereon, and the entry of decree of foreclosure as stated, and asking the court to issue an injunction restraining appellee and the master in chancery of the state court from further proceeding with said foreclosure against appellant and the said mortgaged property; whereupon said District Court, on said November 1, ordered and decreed that an injunction issue accordingly, and that appellee and the master in chancery be restrained, until the further order of the District Court, from proceeding with sale of the property under the decree of foreclosure.

On November 2, 1934, appellee filed his petition in the District Court, wherein he alleged that by reason of the Bankruptcy Act, as amended (11 USCA), and the decree of foreclosure entered in the circuit court of Cook county, the District Court was without jurisdiction concerning the said mortgaged property, and asked the court to dissolve, as to said property, its said order for injunction; whereupon, on November 9, 1934, the District Court entered its order or decree dissolving its said order of injunction, from which dissolving order or decree the appeal herein is prosecuted.

The amendment of June 7, 1934, to subdivision (m) of section 74 of the Bankruptcy Act provides:

"The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed, and this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered." 48 Stat. 923, 11 USCA § 202 (m).

The sole question here is whether, under the proviso of the amendment, the bankruptcy court had power to enjoin further proceedings in the foreclosure proceeding after decree of foreclosure had been entered; in other words, whether such a decree of foreclosure is "a final decree" within the purview of the proviso.

Prior to the amendment of June 7, 1934, this court decided that section 74 did not have application where more than four months had elapsed between the appointment of a receiver for the property and the filing of the petition in bankruptcy under section 74. In re Hillmert (C. C. A.) 71 F.(2d) 411; In re Landquist (C. C. A.) 70 F.(2d) 929.

We may assume that in its plenary power over bankruptcy Congress might lawfully prescribe the stage of a foreclosure proceeding brought against property of the debtor before which that proceeding might be arrested and the property taken over and administered by the bankruptcy court, or after which the bankruptcy court might not interfere with the foreclosure proceeding. Congress might have prescribed the filing of the foreclosure suit as the stage after which a petition under section 74 could not be effective to stay or otherwise affect the foreclosure proceeding. It might have fixed any other stage of the proceeding beyond which the bankruptcy court might not interfere with the foreclosure. By the proviso of the amendment of June 7, 1934, it did fix as such stage the entry of "a final decree" therein.

If the usual and well-understood decree of foreclosure is "a final decree" in the proceeding wherein it is entered, the bankruptcy court would have had no right after entry of such a decree to interfere with the further progress of the foreclosure proceeding in the court wherein it was pending. The amendment did not set up any standard by which to test and determine what is "a final decree," and so the term must be held to have been employed in its usual, ordinary, and well-understood meaning. Old Colony R. Co. v. Commissioner, 284 U. S. 552, 52 S. Ct. 211, 76 L. Ed. 484; Moore v. United States, 249 U. S. 487, 39 S. Ct. 322, 63 L. Ed. 721; Danciger v. Cooley, 248 U. S. 319, 39 S. Ct. 119, 63 L. Ed. 266; United States v. First Nat. Bank, 234 U. S. 245, 34 S. Ct. 846, 58 L. Ed. 1298; Southern Ry. Co. v. United States, 222 U. S. 20, 32 S. Ct. 2, 56 L. Ed. 72; Kepner v. United States, 195 U. S. 100, 24 S. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655.

While it is suggested for appellant that the term "a final decree" as employed in the amendment may imply the last act by the court or its officers which may or must occur to complete the mortgagor's divestiture of all right or interest in the mortgaged property, yet, since it was not necessary here to go to that extent, it is contended that the words of the amendment have reference to the master's sale under the decree and the approval of the sale by the court as the stage intended by the amendment after which the foreclosure may not be halted by the bankruptcy court.

In a foreclosure proceeding a decree which definitely fixes and adjudicates, as between the parties to the litigation, all issues relating to their mutual rights and obligations is, to all intents and purposes, a final decree. The usual decree of foreclosure does this. Those matters incident to the execution of the decree—the sale, report of sale, deficiency decree, redemption, issuance and recording of deed, and the like—are to the decree of foreclosure what at law the execution, sale, redemption, and the like are to the final judgment to which they are incidental. A decree or judgment is none the less final because of the things thereafter to be done to give it effect.

In Whiting v. Bank of the United States, 13 Pet. 6, 15, 10 L. Ed. 33, in considering whether or not a bill of review could be maintained to set aside the sale of certain property under a decree of foreclosure, it was said:

"But is the objection itself, in principle, well founded? That depends upon this—

168

whether the decree of foreclosure and sale is to be considered as the final decree, in the sense of a court of equity, and the proceedings on that decree, a mere mode of enforcing the rights of the creditor, and for the benefit of the debtor; or whether the decree is to be deemed final only after the return and confirmation of the sale by a decretal order of the court. We are of opinion, that the former is the true view of the matter. The original decree of foreclosure and sale was final upon the merits of the controversy. * * * Indeed, the ulterior proceedings are but a mode of executing the original decree, like the award of an execution at law."

In Felker v. Southern Trust Co. (C. C. A.) 264 F. 798, 801, the court said:

"It has been the established law in the federal courts too long for debate or discussion now that a decree which orders a judicial sale of specific property under which the title may pass beyond the control of the court is a final decree, although questions of amounts owing to some of the parties and of accountings preparatory to the application of the proceeds of the sale are reserved for subsequent decision."

In Kirby v. Runals, 140 Ill. 289, 295, 29 N. E. 697, 698, in holding that a decree of foreclosure is a final decree, the court said:

"The decree was, under our understanding of the law, a final decree. It was one from which either the complainant in the bill or the owners of the equity of redemption could have prosecuted an appeal, and one under which, after the expiration of the time limited therein, the master in chancery could have made a sale of the premises. The matters in litigation in the suit, as between Runals, the complainant therein, and the owners of the equity of redemption, were the existence and maturity of the debt, the amount due, the existence of the mortgage securing the debt, the right to foreclose the same, and the right of the complainant to have a decree for the sale of the mortgaged premises to pay the debt, interest and costs. These litigations were all determined by the court and settled by the decree. The master was ordered to make sale of the real estate, and bring the moneys arising from such sale into court. The only thing which remained to be done in which the mortgagors, or those succeeding to their rights, had any interest or concern, was the mere enforcement or carrying into execution of the decree."

See, also, Grant v. Phœnix Ins. Co., 106 U. S. 429, 1 S. Ct. 414, 27 L. Ed. 237, and Myers v. Manny, 63 Ill. 211.

Had Congress intended that the master's sale of the property, or the approval of report of sale, or the expiration of mortgagor's right of redemption, or the issuance of deed, or the ouster of mortgagor from the premises should mark the time or event after which bankruptcy proceedings may not affect or interfere with the foreclosure, it would doubtless have so stated. It did fix entry of "a final decree" as such stage, and the court is not at liberty to select some other stage of the proceedings as marking the time or happening in the foreclosure after which the bankruptcy court may not disturb or suspend the foreclosure proceeding.

Concluding as we do that under section 74 (m) the decree of foreclosure is "a final decree" applicable to such proceedings, after the entry of which the bankruptcy court was without right to restrain or otherwise interfere with them, we are of opinion that the bankruptcy court properly dismissed appellant's petition, and the order or decree appealed from is affirmed.