In re MITCHELL.

MITCHELL v. CITIZENS' STATE BANK OF CHICAGO et al.

No. 5404.

Circuit Court of Appeals, Seventh Circuit.

May 3, 1935.

Rehearing Denied June 8, 1935.

Wm. E. Beckman, of Chicago, Ill., for appellees.

Abraham Teitelbaum and Esther Melnick, both of Chicago, Ill., for appellant.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge.

This case is wholly unrelated to Sorenson v. Collins (C. C. A.) 77 F.(2d) 166, but its essential facts are relatively the same, except that here the foreclosure had proceeded to a master's sale of the property and approval by the court of the master's report of the sale before the debtor's petition in bankruptcy was filed—a few days prior to the expiration of mortgagor's right of redemption of one year under the Illinois law.

The specific contention made in the Sorenson Case—that "a final decree" in a foreclosure proceeding means a decree approving the master's sale—could not serve appellant in the instant case, since that stage of the proceeding had been passed when the petition under section 74 was filed. So it is maintained by appellant here that "a final decree," as employed in the proviso of the amendment of June 7, 1934, of subdivision (m) of section 74 of the Bankruptcy Act (11 USCA § 202 (m), implies the expiration of the period of redemption from the master's sale. Just what the insistence might have been if the period of redemption had then already expired we cannot know. Possibly it would have been the issuance and recording of the master's deed, or maybe the mortgagor's vacation of the premises, provided these same steps had not then severally been passed. The situation emphasizes the importance of adhering to the usual and well-understood meaning of "a final decree" as applied to a foreclosure proceeding. Our treatment of that question in the Sorenson Case is likewise applicable here.

Considerable discussion is here presented respecting the nature and extent of the title or interest in the property remaining in a mortgagor after entry of decree of foreclosure. Undoubtedly after such decree he does retain an interest in the property until such is by law thereafter terminated; but the quality and extent of such interest, and whether and how that interest may be subjected to the jurisdiction of the bankruptcy court, are not here involved, where the only question is whether the bankruptcy court was empowered, under the amendment of June 7, 1934, to interfere with the foreclosure proceedings after entry therein of a decree of foreclosure.

Being of the view that the decree of foreclosure fixed the time which under the amendment of June 7, 1934, precluded the right thereafter to file in the bankruptcy court petition for suspension of further proceedings in the foreclosure case, we think it is immaterial what further or supplementary proceedings had thereafter taken place looking only to the carrying out of the decree of foreclosure.

The order or decree of the District Court dissolving its theretofore entered injunctional order or decree restraining further steps in the foreclosure proceeding is affirmed.