**GORBEA v. SOTO GRAS.**
No. 3068.

Circuit Court of Appeals, First Circuit.
Feb. 25, 1936.

On Rehearing April 2, 1936.

J. M. Calderon, Jr., and Paul Defendini, both of San Juan, P. R., for appellant.

Philip N. Jones, of Boston, Mass. (Hurlburt, Jones & Hall, of Boston, Mass., and Henry G. Molina, of San Juan, P. R., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from an order of August 28, 1935, of the Federal District Court for Puerto Rico, sitting as a bankruptcy court, in a debtor's proceeding under section 74 of the Bankruptcy Act, as amended (title 11 U.S.C.A. § 202). This order of August 28, 1935, vacated a prior order of March 5, 1935, enjoining the prosecution of a foreclosure suit brought by the appellee, Francisco Soto Gras, against Emilio M. Gorbea and his wife Emilia, the former being the debtor's father, in the insular District Court of San Juan, to foreclose a mortgage on certain real estate in San Juan the equity in which was, subsequent to the bringing of the suit, transferred to the debtor.

The facts are not in dispute. It appears that on January 4, 1935, the appellee Soto Gras brought a foreclosure suit in the insular District Court of San Juan against Emilio Gorbea and his wife Emilia pursuant to article 128 of the Mortgage Law

(Revised Statutes and Codes of Puerto Rico, 1913, p. 1083, § 6812) and article 168 of the Regulations (Id. p. 1140, § 7265). January 5, 1935, that court entered an order as provided in article 170 (Id. p. 1141, § 7267) requiring the debtor to pay the mortgage indebtedness within thirty days from the day of the service of the order. Payment not having been made as required, the court entered an order or decree of February 9, 1935, in accordance with article 172 (Id. p. 1141, § 7269), directing that the mortgaged property be sold at public auction by the marshal of the court. Pursuant to the order the marshal advertised the property for sale on March 5, 1935. On February 28, 1935, the debtor, appellant, filed in the Federal District Court a petition for composition or extension under section 74 of the Bankruptcy Act, accompanied by schedules of her indebtedness and assets, and on the same day filed a petition asking that the foreclosure proceedings be enjoined. On March 1 that court entered an order approving the petition and referring the matter to the referee; also requiring the appellee, Soto Gras, on March 4 to show cause why the foreclosure proceedings should not be stayed. March 4, the appellee filed an answer to the order to show cause, the parties were heard on the petition and answer, and, on March 5, an order was entered staying the foreclosure proceedings. August 12, 1935, the appellee filed a motion for reconsideration based on a recent decision. In re Sorenson (C. C.A.) 77 F.(2d) 166. August 16, 1935, the debtor, appellant, filed an answer to the motion; and on August 28, 1935, the court entered the order here appealed from, vacating the injunction order of March 5, 1935, and stated as his reason for so doing the following:

"After a study of the facts of the case and the law applicable to the same, the court arrives at the conclusion that in accordance with subdivision (m), section 74 of the Bankruptcy Act [as amended by Act June 7, 1934, 11 U.S.C.A. § 202(m)], and the Mortgage Law of Puerto Rico, construed in the light of recent Federal decisions [Sorenson v. Collins (C.C.A.) 77 F.(2d) 166, 167, and Mitchell v. Citizens' State Bank of Chicago (C.C.A.) 77 F.(2d) 168] the order of sale of the District Court of San Juan in civil case No. 22178 is a final decree and therefore this court cannot stay pending proceedings after such order constituting a final decree had been entered by the local court."

An appeal from this order was taken and allowed in the District Court on September 5, 1935.

The question sought to be raised by the assignments of error is whether the order of sale in a summary foreclosure proceeding authorized by the law of Puerto Rico was a final decree within the meaning of section 74(m) of the Bankruptcy Act. But underlying this question is a more fundamental one which we are bound to consider, and that is whether this court has appellate jurisdiction to entertain this appeal. Section 225(c), title 28, U.S.C.A. (Judicial Code § 128(c), as amended), provides:

"(c) Appellate and supervisory jurisdiction in bankruptcy proceedings. The circuit courts of appeals shall also have an appellate and supervisory jurisdiction under sections 47 and 48 of Title 11, over all proceedings, controversies, and cases had or brought in the district courts under title 11, relating to bankruptcy, or any of its amendments, and *shall exercise the same in the manner prescribed in those sections;* and the jurisdiction * * * of the Circuit Court of Appeals for the First Circuit shall cover the court of bankruptcy in Porto Rico." (Italics supplied.)

Sections 47 and 48, title 11 U.S.C.A., provide:

"§ 47. Same; appellate jurisdiction. (a) The Supreme Court of the United States, the circuit courts of appeal of the United States, the United States Court of Appeals for the District of Columbia, and the supreme courts of the Territories, in vacation, in chambers and during their respective terms, are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases." (Bankruptcy Act, § 24a, as amended).

"(b) The several circuit courts of appeal and the United States Court of Appeals for the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 48 of this title) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. *Such power shall be exercised by appeal and in the form and manner of an appeal,* except in the cases men-

tioned in said section 48 of this title *to be allowed in the discretion of the appellate court.*" Bankruptcy Act 24b, as amended. (Italics supplied.)

"(c) All appeals under this section shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered." Bankruptcy Act § 24c, as amended.

"§ 48. Appeals. (a) Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeal of the United States and the United States Court of Appeals for the District of Columbia and to the supreme courts of the Territories in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) From a judgment allowing or rejecting a debt or claim of $500 or over. Such appeal shall be taken within thirty days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be." Bankruptcy Act § 25a, as amended.

█ It is apparent from the facts above stated that the order or judgment in bankruptcy here appealed from is not one of the character specified in section 48(a), U.S.C.A. (section 25a of the Bankruptcy Act, as amended). We think it equally plain that, on the facts in this case, the order appealed from was not one made in a controversy arising in bankruptcy within the meaning of section 47(a), Bankruptcy Act § 24a, as amended. There was no dispute between the debtor and the creditor either as to the validity of the mortgage, the existence of a default by reason of a breach of its condition, or as to the amount due thereon. It was rather a mere order or administrative step taken in a bankruptcy proceeding under section 47 (b), U.S.C.A., Bankruptcy Act § 24b, as amended, the appeal from which is not allowable in the District Court, but may be allowed only by this court in its discretion, on application to it within thirty days from the entry of the order. Meyer et al. v. Kenmore Granville Hotel Co. et al., 56 S.Ct. 405, 80 L. Ed. ——, February 3, 1936.

█ The fact that the order in question, though made in bankruptcy, was one dissolving an injunction, did not give the debtor a right to appeal therefrom under section 227, title 28 U.S.C.A. (Judicial Code § 129, as amended), for section 225 (c), title 28 U.S.C.A. (Judicial Code § 128 (c), as amended) restricts the appellate jurisdiction of circuit courts of appeals, in bankruptcy cases, to that provided in sections 47 and 48, title 11 U.S.C.A., and requires that it "shall exercise the same in the manner prescribed in those sections."

█ Moreover, if the orders granting and dissolving the injunction had been made in the Federal District Court for Puerto Rico in an equity case, rather than in bankruptcy, such an interlocutory order would not be appealable to this court. Section 225(b), title 28 U.S.C.A. (Judicial Code, § 128(b), as amended) provides:

"(b) Review of interlocutory orders or decrees of district courts. The circuit court of appeals shall also have appellate jurisdiction—

"First. To review the interlocutory orders or decrees of the district courts, including the District Courts of Alaska, Hawaii, Virgin Islands, and Canal Zone, which are specified in section 227 [Judicial Code § 129] of this title."

Why interlocutory orders or decrees of this nature in the District Court of Puerto Rico were not made the subject of review the same as when made in the District Courts of Alaska and Hawaii we do not know, but such is the fact. Until Congress sees fit to confer upon this court power to revise interlocutory orders of the District Court of Puerto Rico, of the character above stated, only final judgments or decrees are reviewable by appeal in this court. United Porto Rican Sugar Co. v. Saldana (C.C.A.) 74 F.(2d) 409, 410.

As no petition for leave to appeal was filed in this court within thirty days after the entry of the order and allowed by this court, we are without jurisdiction to consider the merits of the case.

The appeal is dismissed for want of jurisdiction of this court to entertain the appeal.

### On Petition for Rehearing.

Since our opinion of February 25, 1936, was handed down the appellant has asked for a rehearing on the ground that she seasonably petitioned this court for leave to appeal, which was allowed on September 23, 1935, and consequently is entitled to have her case considered on its merits. It seems that the appellant failed to include

these facts in the appeal record or otherwise bring them to the court's attention, and for this reason the case was considered as though it were here on an appeal taken in the District Court of Puerto Rico only.

■ The question going to the merits of the cause is whether the order "to pay" of January 5, 1935, or the order "to sell" of February 9, 1935, in the foreclosure proceeding before the District Court of San Juan was a final order or decree so that the Federal District Court for Puerto Rico was without jurisdiction to enjoin the foreclosure proceeding under section 74 (m) of the Bankruptcy Act, as amended, 11 U. S.C.A. § 202 (m).

There can be no doubt that the order of the District Court of San Juan of January 5, 1935, requiring the debtor to pay the mortgage debt within thirty days from the service of the order, or the later order of that court of February 9, 1935, directing the marshal to sell the mortgaged property, either singly or taken together, constituted a final decree so that the court below was without jurisdiction, under section 74 (m), to enjoin the foreclosure proceeding. The injunction order, later dissolved, was not entered until March 5, 1935, long after the order of January 5 and nearly a month after that of February 9, 1935. In fact, the appellant's composition or extension proceeding under section 74 (a), 11 U.S. C.A. § 202 (a) out of which the injunction issued, was not filed in the District Court until February 28, 1935, long after the entry of either order of the District Court of San Juan, here in question.

Section 74 (m) of the Bankruptcy Act, as amended June 7, 1934, 11 U.S.C.A. § 202 (m), provides:

"(m) The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed, and this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered."

The order "to pay" of January 5, 1935, was entered pursuant to article 170 of the Mortgage Law of Puerto Rico (Revised Statutes and Codes of Puerto Rico (1913, p. 1141, § 7267), which provides:

"Art. 170. The judge shall examine the petition [for foreclosure] and the documents supporting it, and if he shall hold that the requirements of the law have been complied with, he shall make an order, without further proceedings, *summoning the persons who, according to the certificate of the registrar, are in possession of the mortgaged property, whether it is in the hands of the debtor, or whether it has been transferred to a third person in whole or in part, in order that they may make payment of the amount claimed, within a period of 30 days,* with the costs, if the latter should also be secured by the mortgage; warning them that upon their failure to do so the property mortgaged will be sold at auction." (Italics supplied.)

The order "to sell" of February 9, 1935, was entered pursuant to article 172 of the Mortgage Law (Revised Statutes and Codes of Puerto Rico (1913, p. 1411, § 7269), which reads as follows:

"Art. 172. After the period for payment fixed in the demand shall have expired, without the debtor having deposited the sum or presented a public instrument of cancellation bearing a memorandum of presentation in any of the registries where it is to be noted, or a certificate of the registrar to the effect that the mortgage the subject of the proceedings has been canceled, the judge shall, on petition of the plaintiff, order that the mortgaged property be offered at public sale within a period of 20 days, notices thereof being posted in the customary places where the proceedings are being had and where the property is situated, or published in the gazette of the island, setting forth the titles, as described in the documents accompanying the initial petition."

The order "to sell" directed to the marshal has, under the law of Puerto Rico, "all the force and effect" of an order for the issuance of "a writ of possession." See Code of Civil Procedure of Puerto Rico (1933 Ed.), § 2, p. 123. This section reads:

"Section 2. When *any order* [of sale] foreclosing a lien upon immovable property is made in a suit having for its object the foreclosure of such lien; in any court having jurisdiction, *such order* shall have

all the force and effect of a writ of ·*possession,* as between the parties to such suit of foreclosure and any person claiming under the defendant to such suit by any right acquired pending such suit, and the court shall so direct in the judgment providing for the issuance of *such order,* and the marshal or other officer executing *such order of sale,* shall proceed by virtue of said order to place the purchaser of the property sold under the same in possession thereof within thirty days after the day of sale." (Italics supplied.)

The Supreme Court of Puerto Rico, in P. R. Leaf Tobacco Co. v. Aldrey, 13 Porto Rico 228, 233, held that the order "to pay" rather than the order "to sell" was the final one determining "the rights of the parties so far as the particular proceeding [under the Mortgage Law] is concerned." In reaching this conclusion they evidently proceeded upon the idea that the order to pay was a judgment of foreclosure, conditioned upon payment, within thirty days, of the mortgage debt found due, or upon the debtor appearing in the proceeding within thirty days and raising one or more of the three issues specified in article 175 of the Mortgage Law (Revised Statutes and Codes of Puerto Rico (1913, p. 1142, § 7272); and in case he did neither of these things within that time, the judgment of foreclosure should become absolute and final as of the date it was made.

In this case the appellant neither paid nor presented to the court either of the issues specified in article 175 within thirty days and the judgment became absolute and final as of January 5, 1935. If the order of payment (the conditional judgment of foreclosure), when it became absolute, was not the final order disposing of the rights of the parties in the foreclosure proceeding, the order of sale of February 9, 1935 (the writ of possession) was certainly a final order in the cause disposing of the rights of the parties. And, in either case, a final order disposing of the rights of the parties in the foreclosure proceeding was had prior to the issuance of the injunction by the Federal District Judge, so that that court was without jurisdiction to issue the injunction; and its order of August 28, 1935, vacating the injunction was proper and must be affirmed. In re Sorenson (C.C.A.) 77 F.(2d) 166.

The order of the District Court for Puerto Rico is affirmed.