## In re DELUXE COURT APARTMENTS, Inc.

## CHICAGO TITLE & TRUST CO. v. DELUXE COURT APARTMENTS, Inc., et al.

### Nos. 5852, 5880.

Circuit Court of Appeals, Seventh Circuit.

Dec. 10, 1936.

Joseph Rosenberg, Aaron L. Stein, and Milton A. Gordon, all of Chicago, Ill., for appellant.

Irving S. Abrams and Louis A. Sherman, both of Chicago, Ill. (Louis A. Sherman, Henry Tiersky, both of Chicago, Ill., of counsel), for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

BRIGGLE, District Judge.

This appeal propounds the direct question—Was the federal District Court, in a proceeding under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207, at liberty to consider and fix a fee

to be paid to a trustee under a mortgage lien for its services and the services of its attorneys, growing out of a foreclosure proceeding in the state court, where the state court had, more than fifteen months before the institution of the bankruptcy proceeding by its decree of foreclosure, fixed and determined such fees and made them a lien on the mortgaged premises superior to the lien of the mortgage indebtedness in accordance with the terms and provisions of such mortgage?

The corporate debtor herein, DeLuxe Court Apartments, Inc., being the owner of the equity in certain Chicago real estate, filed its petition for reorganization under section 77B of the Bankruptcy Act, as amended (11 U.S.C.A. § 207), on October 24, 1935. A plan of reorganization was presented which was afterwards, on March 2, 1936, duly confirmed by the District Court, and the validity of same is not now challenged.

Prior thereto and on July 14, 1934, a decree of foreclosure had been entered by the superior court of Cook county in a proceeding to foreclose the lien of a certain trust deed upon the property of the debtor. In and by that decree the fees of the appellant and its solicitors for services and expenses in connection with the foreclosure were fixed at $5,419, made up among other items of an allowance for trustee's fees of $1,100 and for attorneys' fees of $4,000. The decree provided that such allowances should be a lien upon the premises of the debtor superior to that of the mortgage bondholders. No appeal was prosecuted from this decree and the same remained in full force and effect at the time of the reorganization proceeding herein.

The plan of reorganization recited the foregoing allowances and, among other things, provided:

"The following prior claims shall be paid in full:

"1. (a) Claims for administration expenses and obligations incurred in the foreclosure proceedings hereinabove described, as well as all claims for administration expenses of reorganization.

"(b) Claim for taxes.

"2. (Provision for bondholders not now material.)

"3. (Provisions for stockholders not now material)."

The order of confirmation provided, among other things, as follows:

"The plan contemplates that funds will be required for the following purposes:

"(a) For the payment of all taxes and impositions imposed by any public authority entitled to priority by operation of law, and any reserve for such taxes or impositions which may fall due in the immediate future.

"(b) For the payment of all prior claims incurred in the foreclosure proceedings in the Superior Court of Cook County, Case No. 567515.

"(c) For the compensation of attorneys' fees, costs and expenses of the debtors, bondholders' committee, reorganization managers and attorneys' fees of all parties in interest, as shall be allowed by the court pursuant to the provisions of law."

The order then proceeds to prescribe the means of making the plan effective and, among other things, provides that the trust deed and the aforesaid decree of the superior court is to be satisfied. The requisite two-thirds of the bondholders had previously assented to the plan, but those holding "obligations incurred in the foreclosure proceedings" (and by the state court decree made superior to the lien of bondholders), at no time assented to any reduction in the amount of their judgments. Indeed, a fair interpretation of the plan and order confirming same seems to contemplate their payment in full and such judgments would, therefore, be unaffected by the plan and no assents of such class would be sought or desired. We thus see that the District Court was confronted with two mandates in connection with the claims now in controversy, that of its own decree confirming the plan of reorganization and the decree of the state court.

Later, on March 16, 1936, the matter again came before the District Court on the question of allowances for fees and expenses growing out of the reorganization proceedings, and, as the order recites, "on the prior claim of the Chicago Title and Trust Company for fees and costs allowed in the foreclosure decree"; and over the objection of appellant the court reduced the allowance made by the state court to the trustee for its fees from $1,100 to $300 and for its attorneys from $4,000 to $1,500. The validity of this order is here challenged.

It should be borne in mind that the appellant herein has steadfastly asserted its rights under the decree of the state court.

Its claim throughout was bottomed upon such decree fixing the amount and impressing debtor's property with a lien therefor. It has at no time, by implication or otherwise, waived any of its rights under the decree of the state court or consented to a review of such allowances by the bankruptcy court. For these reasons and others, the previous decision of this court in the case of In re Bryn-Ken Corporation, 83 F.(2d) 873, is to be distinguished.

By the terms of the foreclosure decree appellant acquired a substantive right in a specific piece of property more than fifteen months before the petition in bankruptcy and before the question of insolvency became an issue. The bankruptcy court was powerless, under such circumstances, to divest appellant, over its objection, of such right thus fixed and determined. The court might regulate the manner of enforcing same, but was without authority to destroy its substance, except on the doctrine of assent, under the coercive class provisions of the bankruptcy amendments. (The claim here in controversy did not come within such provisions.) Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Metcalf Bros. v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; Milwaukee County v. White Co., 296 U.S. 268, 56 S. Ct. 229, 80 L.Ed. 220; Duparquet Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L. Ed. 591. See also, In re Sorenson (C.C. A.) 77 F.(2d) 166; 28 U.S.C.A. § 687.

The plan of reorganization relieved the debtor's property of the lien with which it was impressed under the decree of foreclosure, to which the bondholders gave their assent, and to which no just complaint could be made by appellant, for provision was made for payment of its claim in full; but to now deprive it in part of such lien, over its objection, without the substitution of an equivalent—in this instance payment in full—would be error.

■ The decree of foreclosure also contained the following findings:

" * * * That the fair and reasonable value of the services rendered and to be rendered by said solicitors for the complainant herein * * * is the sum of $4,000.00. * * *

"That the Chicago Title and Trust Company, as successor trustee under the Trust Deed herein sought to be foreclosed, has performed and will be obliged to perform various services * * * that the fair and reasonable value of the services rendered and to be rendered * * * is the sum of $1,100.00. * * * "

It thus seems fair to assume that it was within the contemplation of the state court that the allowances made to the trustee for its fees and the fees of its solicitors were to cover any services that might reasonably be required following the rendition of the decree. In the usual course of events there would follow the sale of the mortgaged premises, distribution of the proceeds of sale, and the later perfecting of title. Some attention to these matters would ordinarily be required of the solicitors and perhaps by the trustee. If by the intervention of the bankruptcy proceedings the solicitors and the trustee were relieved of some of their duties in this connection, we think it would do no violence to the state court's decree for the bankruptcy court to ascertain what, if any, services had not been performed for which compensation was fixed and to determine the value thereof, with a like abatement in the state court's award. This, of course, was not the theory upon which the matter proceeded in the bankruptcy court, as that court acted upon the theory that its duty required an independent investigation and determination of the reasonableness of the allowances.

■ We think it was incumbent upon those challenging the right of appellant to receive the sums provided in the foreclosure decree to establish in the bankruptcy court what services, if any, remained unperformed and the value thereof. To this extent the bankruptcy court was privileged to reduce the amount allowed by the state court for such was clearly within the contemplation of the state court decree.

The undertaking of the District Court to determine and fix such fees evidenced a completely commendable purpose and one plainly in the interest of a successful operation of the plan, but this purpose, however commendable, must yield to the limitations upon its power.

Our answer, therefore, to the question propounded at the outset of the opinion is "No."

The challenged order is reversed and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.