**In re 1030 NORTH DEARBORN BLDG. CORPORATION.**

**CHICAGO TITLE & TRUST CO. v. 1030 NORTH DEARBORN BLDG. CORPORATION et al.**

No. 5924.

Circuit Court of Appeals, Seventh Circuit.

Dec. 10, 1936.

See, also, 86 F.(2d) 187.

Nicholas J. Pritzker, and Richard Weinberger, both of Chicago, Ill., for appellant.

Herman A. Kabaker, of Chicago, Ill., for appellees.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

BRIGGLE, District Judge.

This appeal involves an order of the District Court in a corporate reorganization proceeding under section 77B of the Bankruptcy Act, as amended 11 U.S.C.A. § 207, disallowing to appellant an item of attorney's fees which had, more than ten months previous to the proceedings in bankruptcy, been allowed and fixed in harmony with the provisions of the mortgage deed and made a lien upon the mortgaged property by a final decree of foreclosure entered by the superior court of Cook county.

The decision of this case is controlled by our decision of this date in the case of In re DeLuxe Court Apartments, Inc., 86 F.(2d) 772, wherein we held that such an order was beyond the authority of the bankruptcy court.

However, as in that case we found language in the state court decree indicating that the allowance was in part for services to be rendered in the future, so in this case we find the following provision:

"That said solicitors have rendered and will render valuable services and that the sum of $14,000.00 is the fair, customary and reasonable value for such services as were rendered and are yet to be rendered by said solicitors for said complainants in order to bring these proceedings, as far as the foreclosure of said trust deed is concerned, to a termination. * * *"

As we said there, so we think here, that the bankruptcy court may, upon remandment, consider what services, if any, were not performed in respect to the allowance made by the state court, the fair value of the same, and reduce the state court's allowance to that extent.

In addition to the matters discussed in that case it is asserted here that the order of the District Court should be sustained on the ground that appellant abandoned its right to rest its claim on the decree of the state court by filing an affidavit of one of its solicitors setting forth in detail the character of the services performed in the foreclosure proceeding and by stating in its formal claim filed herein that the allowance by the superior court was in the sum of $13,000 instead of $14,000, the amount actually fixed by the decree. There is no merit in this contention, as an examination of the record discloses that appellant at no time abandoned its right to rely upon the decree of the state court and the discrepancy in figures is manifestly an error.

The order of the District Court is reversed and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.