## In re PINE BLOCK BLDG. CORPORATION.

### STRAUSS v. PINE BLOCK BLDG. CORPORATION et al.
### No. 6119.

Circuit Court of Appeals, Seventh Circuit.

May 22, 1937.

Nicholas J. Pritzker and Richard Weinberger, both of Chicago, Ill., for appellant.

Daniel J. Schuyler, Charles Weinfeld, Edward J. Hennessy, Thomas J. Downs, C. S. Bentley Pike, G. A. Spencer, Frank H. Bryan, and Louis M. Bloom, all of Chicago, Ill., for appellees.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is an appeal from an order entered in corporate reorganization proceeding, under sections 77A, 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. §§ 206, 207, disallowing in part fees of the trustee under a trust deed and his counsel in a foreclosure suit prosecuted to a decree of foreclosure entered February 10, 1932. That decree found that the trustee was entitled to the sum of $550 for services "rendered and to be rendered"; that his solicitors "have rendered and will render valuable services"; that $7000 is "the fair and reasonable value for such services as have been rendered and are yet to be rendered by said solicitors"; and that under the terms of the trust deed the trustee and his solicitors were entitled to priority over the bondholders. Nothing was done in the foreclosure proceedings subsequent to the entry of the decree.

On August 16, 1935, a petition for corporate reorganization was filed in the District Court and in due course of events a plan of reorganization was offered by the bondholders, through their regularly authorized committee, which was approved. The trustee filed his claim, asking for compensation for himself in the sum of $550; for his solicitors $7,000; for reimbursement of $164 paid to the Chicago Title & Trust Company for foreclosure minutes and $100 for foreclosure minutes thereafter to be submitted and $20.95 for stenographer's services in the foreclosure suit. The bondholders' committee objected to the claim.

The District Court allowed to the trustee $250 and to his solicitors $2,000, and disallowed the other amounts claimed. It pointed out that nothing had been done or could be done under the decree of foreclosure; that there had been, and could be, no sale; that, inasmuch as the allowances fixed by decree were not only for the services rendered but also for those to be rendered, there had been a failure of consideration as to all services "to be rendered" and that therefore, so far as such services entered into the claim, it could make no allowance. Appellant insists that, inasmuch as the decree of the state court was final, it must be given full force, credit and effect in the bankruptcy court and that it was entitled to all the sums claimed, or that evidence should have been submitted upon the value of services rendered and that of those to be rendered.

240

■ As has been pointed out by this court in Re Deluxe Court Apartment, 86 F.(2d) 772, and In re 1030 North Dearborn Bldg. Corp., 86 F.(2d) 775, as well as in other cases decided prior thereto, such as In re Sorenson (C.C.A.) 77 F.(2d) 166, the decree of the state court was a final judgment. It does not follow, however, that the amount allowed therein is, under any and all circumstances, binding upon the District Court. Under subsection (i) of section 77B of the Bankruptcy Act as amended (11 U.S. C.A. § 207(i), the court is charged with the duty to determine the reasonable value of services to the estate, and, inasmuch as the decree of the state court was not certain in its terms, and was dealing with services to be rendered in the future, which have not been and cannot be performed, it was incumbent upon the District Court to disapprove such amount of the allowance as represented compensation for such services. As the District Judge pointed out, the services may have been of benefit to the estate to the extent that they were rendered prior to the entry of the decree, but thereafter there was a complete lapse of activity, and, as to all services to be rendered, allowance for which was included in the decree, as the District Court aptly pointed out, the consideration failed. The bondholders, for whom the trustee was a fiduciary and who were most vitally interested in the property, objected to any allowance to the fiduciary for services to be rendered, to which the state court gave consideration in making its allowance.

■ As pointed out in the two cases mentioned, In re Deluxe Court Apartment, and In re 1030 North Dearborn Building Corp., supra, upon intervention of the bankruptcy proceedings and termination of the services of the trustee and his counsel, it does no violence to the state court decree for the bankruptcy court to ascertain what, if any, services have not been performed and to effectuate an abatement of so much of the state court award. From the memorandum of the District Court, it is obvious that this rule was followed in the present case.

■ It is said, however, that the court should have received evidence as to the value of services rendered and to be rendered. Clearly the burden of proof was upon the objector. But here the court had before it the verified claim, the decree of the state court reciting the full history of the litigation, the creditors' petition, the plan of reorganization, the petitions of the various parties for compensation, and was fully advised as to just what had been done by the interested parties. This was the evidence upon which both claimant and objector rested, and the chancellor, in the absence of request from either party for opportunity to offer additional evidence, was justified in making his findings upon what was before him. A trial judge who has previously been a trial lawyer is not utterly without knowledge as to the value of services of counsel in a court of equity. Had the parties desired to submit additional evidence, they were at liberty to request the court to receive the same. The order was one peculiarly within the court's discretion, and we find no abuse thereof.

What we have said applies equally to the claim for allowance of $100 for additional expense in obtaining memoranda as to the title. The decree of the state court found that $164 was a reasonable amount for such services up to the time of decree and that $100 would be a reasonable value for services thereafter to be rendered. The $164 has been paid. There is no evidence to show that any additional services were thereafter rendered.

■ The state court found that the trustee was entitled to a stenographer's fee in the sum of $20.95 for services prior to the decree. This was an actual expense incurred and should have been allowed by the District Court, and as to this item the decree is reversed. In all other respects, it is affirmed.