### KIEDA v. KRULL.
#### No. 6666.

Circuit Court of Appeals, Third Circuit.
Feb. 10, 1939.

918

Paul J. Schmidt, of Wilkes-Barre, Pa., and W. L. Pace, of Pittston, Pa., for appellant.

No counsel appeared for appellee.

Before MARIS and CLARK, Circuit Judges, and KALODNER, District Judge.

KALODNER, District Judge.

The question in this case is whether a judgment confessed by warrant of attorney on a bond accompanying a mortgage is a final decree within the meaning of Section 74, Subdivision (m), of the Bankruptcy Act, as amended by the Act of June 7, 1934, Title 11 U.S.C.A. § 202(m).[1]

The aforementioned Section subjects the debtor and his property, upon the filing of the debtor's petition, to the exclusive jurisdiction of the court, "Provided, That it shall not affect any proceeding in any court in which a final decree has been entered * * *."

In the case at issue, in 1932 Krull, the Appellee, executed a bond and mortgage in favor of the appellant, Kieda. Krull defaulted on the mortgage, and on January 29, 1937, judgment was entered by confession on the bond and warrant accompanying the mortgage in Luzerne County, Pa., and a fi. fa. was issued the same day. A 90-day stay of execution was granted by the State court on Krull's petition that he had a buyer who would pay a satisfactory price for the property. The buyer failing to materialize, an alias fi. fa. was issued, and the Luzerne County sheriff advertised the property for public sale on September 10, 1937.

On September 1, 1937—10 days prior to the scheduled sale—Krull filed a petition under Section 74, Subdivision (m), of the Bankruptcy Act, and a rule and temporary restraining order were issued against Kieda as mortgage-creditor by the Referee.

Kieda moved to dismiss the restraining order on the ground that the United States court had no jurisdiction to restrain him, because the mortgaged property was no longer in the constructive possession of the debtor, Krull, and because final judgment had been entered prior to the filing of the debtor's petition.

The Referee refused to dismiss the restraining order and instead recommended that it be made permanent.

The matter came before the lower court on a certificate of review. It dismissed the

---

[1] Subdivision (m) of Section 74 of the Bankruptcy Act, as amended by the Act of June 7, 1934, provides: "The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (2) [subdivision (a)] is filed, and this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered. * * *"

Subsection (n) of said Act provides: "In addition to the provisions of Section 11 of this Act [section 29 of this title] for the staying of pending suits, the court, on such notice and on such terms, if any, as it deems fair and equitable, may enjoin secured creditors who may be affected by the extension proposal from proceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court."

petition for review and granted a permanent injunction. It based its action on its ruling that entry of a judgment on a bond and warrant merely secures a lien on the debtor's property; that the obtaining of such a lien does not oust the jurisdiction of the bankruptcy court; that there is no final judgment until the sheriff has sold the property and the State court has confirmed the sale.

■ We think that in ruling that a judgment entered by confession on a bond and warrant accompanying a mortgage is not a final decree the court below fell into error.

■ In Pennsylvania a judgment entered by confession on a bond and warrant accompanying a mortgage is a complete and final adjudication of all matters which might have been pleaded in an action on the bond and has all the attributes of a judgment entered on a verdict after a trial. Braddee v. Brownfield, 4 Watts, Pa., 474; Gould v. Randal, 232 Pa. 612, 81 A. 809. In that State it is settled that a final judgment is such as at once puts an end to the action, by determining that the plaintiff is, or is not entitled to recover, and the amount in debt or damages to be recovered. Mahoning County Bank's Appeal, 32 Pa. 158, 160.

■ The court below relied upon the fact that title and possession remain in the mortgagor until the mortgaged premises have actually been sold by the sheriff under the execution writ directed to him. This may be conceded and it may likewise be conceded that were it not for the language of the statute a court of bankruptcy would for that reason have jurisdiction over the property. The statute, however, as we have seen, expressly deprives the court of jurisdiction of property involved in a prior court proceeding in which a final decree has been entered. If such a decree has been entered it is immaterial that the property has not yet been taken from the debtor. Nor does it matter that proceedings for the seizure and sale of the property have not been completed, since these are but incidental to the judgment and in execution of it. Whiting v. Bank of United States, 13 Pet. 6, 10 L.Ed. 33. In re Sorenson, Sorenson v. Collins, 7 Cir., 77 F.2d 166. As Judge Alschuler said in the case just cited (page 167): "A decree or judgment is none the less final because of the things thereafter to be done to give it effect."

Since a final decree had been entered in the State court before the petition under Section 74 was filed, the court below was without jurisdiction to enjoin the sale of the mortgaged premises. Accordingly the order appealed from is reversed.