(No. 15831.—Reversed and remanded.)

THE PEOPLE *ex rel.* Andrew Russel, Defendant in Error, *vs.* THE ILLINOIS STATE BANK OF CRETE *et al.*—(WILLIAM SALLER, Plaintiff in Error.)

*Opinion filed June 17, 1924.*

1. APPEALS AND ERRORS—*general rule as to when an order is final.* A final decree is not necessarily the last order in a case, but any order which finally fixes the rights of the parties is final.

2. SAME—*order for paying expenses out of fund in hands of receiver is appealable.* Where an order fixes the amount of a receiver's compensation or the amount due him for expenses and directs such amount to be paid out of the fund in his hands, an appeal lies from such order upon behalf of any person interested in the fund.

3. SAME—*when creditor of bank may appeal from order directing receiver to pay solicitors' fees.* In a proceeding to dissolve a bank and to collect and distribute its assets, a petition filed by the receiver, asking the court for an allowance of solicitors' fees incurred by him in the prosecution of litigation for the appreciation of the assets in the hands of the receiver, presents an issue collateral to the principal issues involved in the receivership proceeding, and an order directing the receiver to pay such solicitors' fees out of the funds in his hands is a final order, from which a creditor or stockholder of the bank may appeal.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

DONOVAN, BRAY & GRAY, and RATHJE, WESEMANN, HINCKLEY & BARNARD, (THOMAS F. DONOVAN, and ADOLPH H. WESEMANN, of counsel,) for plaintiff in error.

CHARLES S. DENEEN, ROY MASSENA, and W. D. HEISE, (SNAPP, HEISE & SNAPP, of counsel,) for defendant in error.

Mr. Justice Thompson delivered the opinion of the court:

The sole question presented for decision is whether, in an action brought to dissolve a bank and to collect and distribute its assets, an order which directs distribution of a substantial portion of those assets to the receiver or his solicitors and thereby diminishes the assets distributable to the creditors of the bank is final and appealable. The Appellate Court held the negative and dismissed the appeal prosecuted by plaintiff in error, a stockholder and creditor of the defunct bank, from an order of the circuit court of Will county allowing $25,000 to the solicitors for the receiver for their services in connection with a suit pending against the directors of said bank, and directing that the receiver pay to his solicitors $25,000 out of the assets of the bank. The record is brought to this court for further review by writ of *certiorari*.

While this court has not decided the precise question presented, it has repeatedly held that a final decree is not necessarily the last order in a case, and that any order which finally fixes the rights of the parties is final and appealable. (*Sebree* v. *Sebree*, 293 Ill. 228; *DeGrasse* v. *Gossard Co.* 236 id. 73; *Allison* v. *Drake*, 145 id. 500.) In *Blake* v. *Blake*, 80 Ill. 523, an order directing the husband to advance attorney's fees and money to defray the expenses of the wife in defending an order entered in a divorce case was held to be final and appealable. The same holding was made in *People* v. *Prendergast*, 117 Ill. 588, concerning an order requiring the assignee, for the benefit of creditors of an insolvent, to pay to certain creditors the amount of their claims. To the same effect is the decision in *McCormick* v. *Park Comrs.* 118 Ill. 655, concerning an order entered in a condemnation proceeding directing money due from the commissioners, concerning which a dispute had arisen between adverse claimants, to be paid into court and there held subject to the further order of the court. In

*Martin* v. *Martin*, 170 Ill. 18, a petition was filed in a probate proceeding asking that the executors be required to inventory as assets of the estate securities claimed by one of the executors. The county court entered its order finding that the securities were the individual property of the executor. On review this court held that the order finally determined the issue raised by the petition and that it was one from which an appeal could be taken. *Kavanagh* v. *Bank of America,* 239 Ill. 404, is a case similar to the one at bar. There the chancellor allowed the claim of a creditor and directed the receiver of the bank to pay the claim out of the assets of the bank. The complaining stockholder and the receiver each prosecuted an appeal, and, the right being challenged, this court held that each of them had the right to an appeal because the order adversely affected the interest of the stockholder and the interests represented by the receiver. That the order from which the appeal was taken was final was not questioned.

The authorities in other jurisdictions seem to be uniform in their holding that an order like the one here in question is final and appealable. In *Trustees* v. *Greenough*, 105 U. S. 527, orders directing the receiver to pay to the complainant in the principal case large amounts for his expenditures, including agent's and attorney's fees, were held to be final and appealable, the court saying: "They are certainly a final determination of the particular matter arising upon the complainant's petition for allowances and direct the payment of money out of the fund in the hands of the receiver. Though incidental to the cause the inquiry was a collateral one, having a distinct and independent character and received a final decision. The administration of the fund for the benefit of the bondholders may continue in the court for a long time to come, dividends being made from time to time in payment of coupons still unsatisfied. The case is a peculiar one, it is true; but under all the circumstances we think that the proceeding may be regarded as

so far independent as to make the decision substantially a final decree for the purposes of an appeal." To the same effect are *Williams* v. *Morgan,* 111 U. S. 684, 4 Sup. Ct. 638, and *Ruggles* v. *Patton,* 143 Fed. 312. Where an order fixes the amount of a receiver's compensation or the amount due him for expenses and directs such amounts to be paid out of the fund in the receiver's hands, an appeal lies from such an order upon behalf of any person interested in the fund. (*Grant* v. *Superior Court,* 106 Cal. 324, 39 Pac. 604; *State* v. *District Court,* 28 Mont. 227, 72 Pac. 613; *Ogden City* v. *Bear Lake and River Waterworks and Irrigation Co.* 18 Utah, 279, 55 Pac. 385; *Tompson* v. *Huron Lumber Co.* 5 Wash. 527, 32 Pac. 536; *Battery Park Bank* v. *Western Carolina Bank,* 126 N. C. 531, 36 S. E. 39; *Capital City Tobacco Co.* v. *Anderson,* 138 Ga. 667, 75 S. E. 1040.) The order from which this appeal was prosecuted is not an order which merely fixes the amount of the fee due the solicitors for the receiver, but it is an order which directs the receiver to pay the amount out of the fund in the receiver's hands. It appropriates a part of the assets of the bank and thereby directly affects the interests of the creditors and the stockholders. The petition filed by the receiver, asking the court for an allowance of solicitors' fees incurred by him in the prosecution of litigation for the appreciation of the assets in the hands of the receiver, presented an issue collateral to the principal issues involved in the receivership proceedings, and an allowance and direction to pay such solicitors' fees is a final determination of the collateral issue.

The judgment is reversed and the cause is remanded to the Appellate Court for the Second District, with directions to consider and determine the errors there assigned.

*Reversed and remanded, with directions.*