## SHULMAN ET AL. *v.* WILSON-SHERIDAN HOTEL CO. ET AL.

No. 688. Argued April 5, 1937.—Decided April 26, 1937.

*Mr. Meyer Abrams,* with whom *Mr. Max Shulman* was on the brief, for petitioners.

*Mr. C. S. Bentley Pike,* with whom *Mr. I. E. Ferguson* was on the brief, for respondents.

Per Curiam.

In a proceeding under § 77 B of the Bankruptcy Act for the reorganization of the Wilson-Sheridan Hotel Company, petitioners filed a claim for $1750. The basis of the claim was a balance alleged to be due pursuant to an allowance of $2250 by a decree of the state court in a foreclosure suit antedating the proceedings in the bankruptcy court. That allowance was stated to be for legal services rendered by petitioners and the amount was "to be paid in due course of administration." Of this amount petitioners received $500 under a later order of the state court, leaving $1750 unpaid. Upon the confirmation of the plan of reorganization, the District Court reserved jurisdiction to pass upon the petitioners' claim at the time of the allowance of fees and expenses; and, on the subsequent hearing of the application for such allowances to be charged as costs of administration, the claim was disallowed. An appeal from the order, not having been allowed by the Circuit Court of Appeals, was dismissed for the want of jurisdiction. 86 F. (2d) 898. Certiorari was granted March 1, 1937.

Petitioners urge that the appeal should have been entertained under § 25a of the Bankruptcy Act as an appeal from a judgment rejecting a claim of over $500, or under § 24a as an appeal from a determination of a controversy arising in bankruptcy proceedings. Neither contention is sound. The allowance by the state court for legal services fixed an amount but without direction to pay, and the allowance remained subject to the supervising control of the court until payment was directed. Compare *People* v. *Illinois State Bank,* 312 Ill. 613, 616; 144 N. E. 327; *Hume* v. *Myers,* 242 Fed. 827, 830. There was no finality of action in this respect prior to the proceeding in the bankruptcy court and the allowance was a purely administrative matter upon which the latter

court was entitled to pass. The record shows that petitioners' claim was pressed, heard and determined as one belonging in that category.

The case of *Duparquet Co.* v. *Evans*, 297 U. S. 216, is not in point. There is no question here as to the jurisdiction of the District Court to entertain the proceeding for reorganization. The order was made in the exercise of the general jurisdiction conferred by § 77 B (a) which embraced the authority to pass upon fees and expenses incident to administration, including claims such as the present one for legal services rendered in the prior suit in the state court. Compare *Gross* v. *Irving Trust Co.*, 289 U. S. 342, 345.

Appeal could be taken only under § 24b, in the discretion of the appellate court. See *Wingert* v. *Smead*, 70 F. (2d) 351; *In re New York Investors, Inc.*, 79 F. (2d) 179; *Meyer* v. *Kenmore Hotel Co.*, 297 U. S. 160, 166. The order of the Circuit Court of Appeals is

*Affirmed.*