**In re CENTRAL SHOREWOOD BLDG. CORPORATION (two cases).**

**PULS v. CENTRAL SHOREWOOD BLDG. CORPORATION.**

**BONDHOLDERS COMMITTEE v. SAME.**
Nos. 6052, 6147, 6053, 6148.

Circuit Court of Appeals, Seventh Circuit.
June 14, 1937.

Aaron D. Levine and Martin Gedlen, both of Milwaukee, Wis., for appellant.

Henry W. Gottschalk, of Milwaukee, Wis., for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Appeals Nos. 6052 and 6147, allowed by the District Court and by the Circuit Court of Appeals respectively, are from a decree which reduced the attorney's fees which were allowed in a state court foreclosure suit, to $900. In the state court the foreclosure decree fixed the fees and expenses for services rendered and to be rendered at the sum of $1,340.63.

Appeals Nos. 6053 and 6148 are from a part of the same decree which refused attorney Saltzstein's claim for $1,000, for services, and $28.59 for expenses, rendered in the debtor's reorganization proceedings.

The debtor is a Wisconsin corporation and owns and operates a building (housing stores and apartments) valued in the schedule filed by it at $350,000. There was a $210,000 first mortgage bond issue maturing serially between 1933 and 1941; a second mortgage bond issue of $60,000 executed in 1931 of which a total of $56,000 was outstanding; unpaid interest at the time of the filing of the petition in bankruptcy was stated to be $47,000; and other claims, mechanics' liens, and judgments were placed at about $18,000. Before bankruptcy proceedings were instituted there had been an assignment for the benefit of creditors, followed by a mortgage foreclosure suit instituted in November, 1932, which had proceeded to foreclosure decree.

The debtor submitted a plan of reorganization; certain bondholders, for whom appellant Saltzstein was counsel, submitted an amended plan; and the plans were referred to a master. The debtor thereafter filed an amended plan, and the bondholders and trustees filed still another plan of reorganization. The Wisconsin foreclosure decree entered in the state court, February 23, 1934, allowed appellant Puls $900 as fees and $440.83 as costs and expenses and provided for their priority of payment. Puls was paid $900 on account of fees out of operating revenues, which left a balance due him of $440.83, exclusive of interest. The master found that Puls should be allowed an additional sum of $100 for services and $40.-26 for expenses. No claim was made by Puls for compensation for services in 77B (11 U.S.C.A. § 207) proceedings.

The court confirmed the amended plan of reorganization submitted by the debtor, but upon the master's report disallowed the balance of appellant's fees.

There was no objection to the claim in the District Court, and none has been made in this court.

In refusing the fees to appellant the master undoubtedly relied upon the decisions by this court in Chicago Title & Trust Co. v. DeLuxe Court Apartments, 86 F. (2d) 772, and Chicago Title & Trust Co. v. 1030 N. Dearborn Building Corporation, 86 F.(2d) 775, where this court held that the state court foreclosure decree established a valid lien for services, but authorized deductions for services *to be* rendered. Subsequent to the report of the master and to the foregoing decisions of this court the Supreme Court in Shulman et al. v. Wilson-Sheridan Hotel Co., 57 S.Ct. 680, 681, 81 L.Ed. ——, decided April 26, 1937, made the following ruling:

"* * * The allowance by the state court for legal services fixed an amount but without direction to pay, and the allowance remained subject to the supervising control of the court until payment was directed. Compare People v. Illinois State Bank, 312 Ill. 613, 616, 144 N.E. 327; Hume v. Myers (C.C.A.) 242 F. 827, 830. There was no finality of action in this respect prior to the proceeding in the bankruptcy court and the allowance was a purely administrative matter upon which the latter court was entitled to pass. The record shows that petitioners' claim was pressed, heard, and determined as one belonging in that category. * * * The order was made in the exercise of the general jurisdiction conferred by section 77B(a), 11 U.S.C.A. § 207(a), which embraced the authority to pass upon fees and expenses incident to administration, including claims such as the present one for legal services rendered in the prior suit in the state court. Compare Gross v. Irving Trust Co., 289 U.S. 342, 345, 53 S.Ct. 605, 606, 77 L.Ed. 1243, 90 A.L.R. 1215."

This decision places on the court of bankruptcy the duty of determining the value of the services rendered, and it is not bound by the sums fixed in the state court foreclosure proceedings if there be no state court direction to pay the same. The District Court may, as it frequently does, reduce the amount allowed for such services. It may, we think, if the facts warrant such action, increase the amount.

■ Without discussing the evidence at length, it is apparent that the master in the instant case, assumed the court's power to be different from that stated in the Shulman Case. Considering all the facts and circumstances disclosed by the record in this case, we think $1,340 was reasonable and the master who followed the decisions of this court which were rendered before the Shulman v. Wilson-Sheridan Hotel Co. decision, erred in reducing the amount ·of compensation fixed in the state court for services "rendered and to be rendered."

The decree is modified so as to require the payment to appellant of the sum of $440.63. This sum, without interest, it seems on the record before us, which includes a statement of the foreclosure decree in the state court, is fair compensation for the services rendered in foreclosing the $210,000 mortgage.

■ *In re Nos. 6053 and 6148.* The appeals are from the refusal to allow any compensation to the attorney for the bondholders committee. No brief has been filed in opposition to the appellant's claim. The master undoubtedly proceeded on the theory that the appellant did not bring itself within the provisions of the statute which authorizes the allowance of claims. In so holding the master erred. Section 77B(c) (9), 11 U.S.C.A. § 207(c) (9), provides:

"Upon approving the petition or answer or at any time thereafter, the judge * * * (9) may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor * * *."

It appears that the counsel for bondholders protective committee rendered services of worth in the reorganization of the debtor's property. It was not merely a case of duplication such as we have frequently had occasion to condemn. We again state that compensation should be allowed only when the services rendered are beneficial to the estate. In the instant case we are convinced that the bondholders committee was justified in organizing and employing counsel, and, moreover, that the services rendered were beneficial to the estate. The claim of $1,000 under all the circumstances seems reasonable. While absence of objection is not proof of the reasonableness of the claim, we may assume that those vitally interested were convinced of its fairness.

The decree in Nos. 6053 and 6148 must therefore be modified so as to allow for the payment of $1,000 for services rendered by Saltzstein for said bondholders committee.

The decree is modified, and the sum of $440.83 is allowed to Charles Puls, Jr., attorney for the trustee in the foreclosure suit, and payment of the sum of $1,000 to the bondholders committee for attorney's fees must be included. No interest on either item is allowed. As modified, the decree is affirmed. The appellants shall recover their costs in this court.