### In re PRUDENCE CO., Inc.

### In re AMALGAMATED PROPERTIES, Inc.
### No. 77.

Circuit Court of Appeals, Second Circuit.
Dec. 6, 1937.

Ralph Montgomery Arkush, of New York City, for appellants.

Julius B. Sucher, of New York City, for trustee-appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

The debtors in these consolidated proceedings are the Prudence Company and its subsidiary corporation, Amalgamated Properties. The issue of certificates herein involved is known as the Worthco issue. The Prudence Company had guaranteed these certificates. They represented a senior participation of $590,000 in a first mortgage upon the Worth building, 493–495 Fulton street, Brooklyn, title to which was in Amalgamated Properties. After confirmation of a plan of reorganization of the Worthco issue, four members of a committee of five which had been selected by the certificate holders applied to the District Court for compensation for their services as members of such committee. The fifth member made no claim for compensation; he was an employee of the city chamberlain's office, who had been added to the committee to represent that office. The matter of allowances was referred to a special master, who reported against any allowance to the committee. The District Court confirmed the report in this respect

---

[1] See Constitution of N. Y. Stock Exchange, art. 17, § 2; Rules of N. Y. Stock Exchange, c. XIV, § 15, adopted February 13, 1934.

without opinion. Appeal from the order was allowed by this court.

 The question presented is whether the appellants were entitled to any compensation for services as members of the committee. The special master reported that the committee was "voluntarily formed, principally to negotiate a lease," and "when plans for the lease became static, the usefulness of the committee terminated." The record does not substantiate these statements. The committee did not volunteer; its members were chosen at a meeting of certificate holders called by the trustees of the Prudence Company. Thereafter the committee petitioned for leave to intervene in the proceedings "for the purpose of protecting the rights of certificate holders of the Worthco issue"; and intervention was granted by order of May 20, 1936. There was no other committee representing certificate holders. Although the early negotiations of the committee with prospective tenants came to naught because it was impossible to assure a tenant peaceful possession, their negotiations with Russeks, the tenant finally secured, were beneficial to the estate and to the plan of reorganization. Indeed, the plan of reorganization recites that one of its chief purposes is to make possible the consummation of such a lease. In addition, the committee appears to have aided in causing the elimination of the junior participation certificates of $18,750, in effecting a cash settlement of the Prudence Company's liability on its guaranty, and in proposing certain amendments to the plan of reorganization. The plan itself states that, as thus amended, the plan is "sponsored by the Committee for Worthco Certificate Issue." This recital was intended to influence certificate holders to give their assent to the plan, and doubtless was effective with some of them. The plan also provides that expenses of reorganization should include reasonable compensation and expenses of the committee. Of course, such a provision cannot bind the court to make an allowance when the court concludes, in the exercise of reasonable discretion, that the committee has earned nothing; but at least it shows the expectations of the committee and of the certificate holders.

The foregoing recital of what appears from the record discloses that the committee did not perform its services as a volunteer, and did render services beneficial to the reorganization and of a character usually compensated. See In re Consolidated Motor Parts, 85 F.2d 579, 581 (C. C.A.2); In re Paramount Publix Corp., 85 F.2d 588, 591 (C.C.A.2). We can find no justification for denying the appellants any compensation whatever. Section 77B (c) (9) of the statute (11 U.S.C.A. § 207 (c) (9) provides that parties in interest may be represented by committees who shall be compensated out of the estate. For successful administration of the statute it is as important that committees who have earned something should get some compensation as it is that they should not get too much. How much the appellants should receive is largely a matter of guesswork upon this record. They have, however, asked this court to fix the fee instead of remanding the matter to the District Court. No doubt, as is usual, much of the committee's work was done by its counsel, who has already received an allowance. How much time the appellants devoted to committee activities does not appear. Their petition asks for $4,750. On the showing made, we think their compensation should be $1,600. The order will be modified to so provide, and the appellants are allowed costs of the appeal.