## In re SHOREWATER CORPORATION.

## HABECK v. SHOREWATER CORPORATION.

### Nos. 6194, 6205.

Circuit Court of Appeals, Seventh Circuit.
Jan. 21, 1938.

Harvey R. Habeck, of Milwaukee, Wis., in pro. per.

Henry W. Gottschalk, of Milwaukee, Wis., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

PER CURIAM.

This is an appeal from that portion of a decree in a corporate reorganization proceeding disallowing appellant's claim for fees and disbursements as determined by the circuit court of Milwaukee county, Wis., in a foreclosure proceeding. The principal indebtedness in the mortgage foreclosure was $50,000 and appellant was attorney for the trustee. A judgment of

foreclosure was entered by the state court October 4, 1933, in which the sum of $550 was allowed appellant, as attorney for such trustee, and $227.36, which we understand from the record had been advanced by appellant in the conduct of the foreclosure proceeding. In the judgment these amounts, together with interest on the same at 6 per cent., were ordered paid either upon redemption from said judgment or out of the proceeds of the sale of the mortgage property prior to and ahead of all other claims and liens, including the lien of the mortgagee, in the said foreclosure action. It was upon this judgment of the state court that appellant based his claim in controversy.

The debtor corporation filed its petition for reorganization August 28, 1936, almost three years after the foreclosure decree, and in its proposed plan, approved by more than 90 per cent. of its creditors, included a provision for paying "the costs and expenses of and the allowances made in the foreclosure proceeding involving the said property as allowed by the Court." Although the record discloses that appellant rendered some service in connection with the reorganization, no claim was made as compensation in this respect. The final decree in the reorganization proceedings restrained and enjoined appellant, together with certain other creditors and claimants, from pursuing, or attempting to pursue, any action in law, equity, or otherwise, with a view of collecting any existing claim. While the debtor made provision in its plan of reorganization for the payment of such claim, with no objection on the part of any interested party, the court denied the claim in toto. Moreover, no appearance has been made in this court in opposition to appellant's position.

It is appellant's contention that the judgment of the state court in the particular mentioned was final and therefore binding on the court. There is cited in support of such contention two opinions of this court, namely: Chicago Title & Trust Company v. Deluxe Court Apartments, Inc., 7 Cir., 86 F.2d 772, and Chicago Title & Trust Co. v. 1030 North Dearborn Building Corporation, 7 Cir., 86 F.2d 775. Subsequent to these opinions, however, is the case of Shulman et al. v. Wilson-Sheridan Hotel Co. et al., 301 U.S. 172, on page 173, 57 S.Ct. 680, 681, 81 L.Ed. 986, wherein a similar question was considered and where the court said: "The allowance by the state court for legal services fixed an amount but without direction to pay, and the allowance remained subject to the supervising control of the court until payment was directed. Compare People v. Illinois State Bank, 312 Ill. 613, 616, 144 N.E. 327; Hume v. Myers (C.C.A.) 242 F. 827, 830. There was no finality of action in this respect prior to the proceeding in the bankruptcy court and the allowance was a purely administrative matter upon which the latter court was entitled to pass. The record shows that petitioners' claim was pressed, heard, and determined as one belonging in that category."

After the Shulman Case we find another opinion by this court, In re Central Shorewood Building Corporation, 7 Cir., 90 F.2d 725, dealing with a like question. In an opinion by Judge Evans, we discussed the cases cited by appellant as above mentioned in connection with the opinion of the Supreme Court in Shulman et al. v. Wilson-Sheridan Hotel Co. The quotation from that case, as above set forth, appears in the opinion, after which this court (90 F.2d 725, at page 726) concludes: "This decision places on the court of bankruptcy the duty of determining the value of the services rendered, and it is not bound by the sums fixed in the state court foreclosure proceedings if there be no state court direction to pay the same. The District Court may, as it frequently does, reduce the amount allowed for such services. It may, we think, if the facts warrant such action, increase the amount."

Thus, the law seems to be well settled that, where the state court has entered a final judgment in a foreclosure proceeding, with a direction as to the payment of the same, a federal court is bound by such judgment as the basis for a claim in a reorganization proceeding. If there is no direction, however, by the state court as to the payment of the items relied upon, then the District Court has the authority to increase or decrease the amount of the claim as such court may determine the services in the state court to have been reasonably worth.

In the instant case, we are of the opinion that the decree of the state court respecting the item in question was final and contained a direction to pay. It is not necessary, however, for us to so decide, for in no event was the District Court authorized to arbitrarily deny the claim in its entirety. Assuming the state court

decree contained no direction to pay, it was the duty of the District Court to appraise the services rendered in the state court and allow the claim in such amount as would reasonably compensate the claimant for such services. So far as the record discloses, no effort of this character was made. While the record of the proceedings in the state court is not before us except in fragmentary form, yet, taking into consideration the amount involved in the foreclosure proceedings, debtor's proposal in its plan to pay the amount as fixed by the state court, together with the lack of objection to its allowance, either in the court below or here, we are constrained to hold that the amount allowed by the state court was reasonable and should have been allowed by the District Court as presented.

The decree as to such disallowance is reversed, with directions that the same be allowed.