In re BUILDINGS DEVELOPMENT CO.

ZIMMERMANN v. BUILDINGS DEVELOPMENT CO. et al.

No. 6386.

Circuit Court of Appeals, Seventh Circuit.
July 27, 1938.

Maxwell H. Herriott, of Milwaukee, Wis., for appellant.

Harry J. Burczyk, of Milwaukee, Wis., for appellees.

Dale C. Shockley, Walter J. Mattison, and Philip Weinberg, all of Milwaukee, Wis., for appellee Buildings Development Co.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from the District Court's decree, made in the course of a reorganization proceeding, disallowing a claim for services which were rendered prior to the filing of the petition for reorganization.

The claimant-appellant is successor-trustee under a deed of trust which the debtor herein executed on March 28, 1927, for the purpose of securing an issue of $1,425,000 first mortgage bonds. As such trustee, and pursuant to the terms of the trust deed, the claimant performed numerous services intended to enforce and protect the bondholders' lien and to preserve the value of the property which was security for the bonds. It is not disputed that the claimant and his attorney rendered services of substantial value.

On June 11, 1934, the debtor filed a petition for reorganization under Section 77B of the Bankruptcy Act,[1] and on December 27, 1934, claimant-appellant filed proof of claim for services as trustee prior to June 11, 1934, the date on which the petition for reorganization was filed.[2] Thereafter the Empire Building Bondholders Protective Committee submitted a plan of reorganization which provided for the following allowances, subject to a stated order of priority: "(c) all allowances for costs and expenses in the fore-

---

[1] 11 U.S.C.A. § 207.

[2] On October 10, 1936, a more detailed supplemental claim was filed.

going proceedings (referring to appellant's action for mortgage foreclosure) * * * (e) all allowances for fees to * * * the trustee." The plan proposed was confirmed by the court with certain modifications, of no materiality here.

By the terms of the trust deed[3] the mortgagor, debtor in the instant proceeding, agreed to pay to the trustee for the benefit of the holders of the bonds reasonable compensation for the trustee and his attorneys; and the mortgagor also agreed to pay fees to the trustee for services in all suits to which the trustee should be a party, which related to or affected the mortgaged property.

The District Court disallowed the claim apparently on two grounds: (1) One who assists a creditor in prosecution of a claim is not rendering services for the debtor, and therefore he is not a creditor of the debtor, but of the creditor. (2) Trustee's services were not rendered in the bankruptcy reorganization proceedings.

It is not necessary to consider the second ground since the trustee-claimant is not seeking compensation for any services rendered in the administration of the reorganization proceeding. The claim relates solely to services prior to these proceedings by the trustee and his counsel, and the "right of recovery is based upon the written covenant appearing in the deed of trust."

In the case of Straus v. Baker Co.[4] one Straus made claim for fees in the dual capacities of trustee for the bondholders under the mortgage, and of reorganization trustee. The District Court had disallowed the claim of Straus on the ground that his activities as trustee for the bondholders were in the interest of the bondholders and contrary to the interest of the estate as a whole. The reviewing court pointed out that the claimant's activities on behalf of the bondholders might justify the denial of his claim as reorganization trustee; but the court in its opinion further stated that "as trustee for the bondholders he was in any event entitled under the mortgage contract, to an allowance out of the fund." (Page 408.)

This court in its decision in the appeal of In re Central Shorewood Building Corporation[5] recognized that in corporate reorganization proceedings a court of bankruptcy is under a duty to determine, and allow, the value of the services rendered by the mortgage trustee's attorney in prior state foreclosure proceedings; and this court also declared that if the state court had only determined the sum, without direction for its payment, the bankruptcy court might reduce the amount allowed for such services, or, if the facts warranted, increase the amount.

In the recent case of In re Shorewater Corporation,[6] a proposed plan for reorganization had been approved which included a provision for paying "the costs and expenses of and the allowances made in the foreclosure proceeding involving the said property as allowed by the Court." In that case, as in the present case, the District Court denied in toto the claim of the plaintiff-trustees, although provision was made in the plan of reorganization for the payment of their claim and no objection on the part of any interested party was made. It was held in the Shorewater Corporation Case that it was the duty of the District Court to appraise the services rendered in the state court and allow the claim for such an amount as would reasonably compensate the claimants for their services.

The plan of reorganization in the instant proceeding recognizes the validity of the claim and makes provision for the payment of whatever sum the court should allow. Under "Costs, Expenses and Allowances" the plan provided that all cash remaining in the hands of the debtor on

3 "Said mortgagor covenants and agrees * * * the mortgagor shall pay to the trustee for the benefit of the holders of the bonds * * * such further amount as shall be sufficient to cover the costs and expenses of collection including reasonable compensation to the trustee, his * * * attorneys * * *; the trustee in his own name shall be entitled to recover judgment for the whole amount. * * * And in case of any suit or proceeding by whomsoever in any way relating to or affecting said premises * * * wherein said trustee * * * shall be a party * * * reasonable costs, charges, attorneys fees * * * shall be allowed to the trustee * * * and the same shall be a further lien upon the said premises under this deed of trust and shall be paid out of the proceeds of sale if not otherwise paid by said mortgagor."

4 5 Cir., 87 F.2d 401.

5 7 Cir., 90 F.2d 725, 727.

6 7 Cir., 94 F.2d 261, 262.

the confirmation of the plan should be applied to the interest then due and payable upon first mortgage bonds under the plan, and to costs, expenses and allowances as set forth in the plan; but there was a further provision establishing priorities of payments, the allowance of fees to the trustee-claimant being placed in class 5 which was the last one in order of payment.

The plan also provided that upon its confirmation the mortgage-trustee (claimant herein) should resign and that the court should appoint a new successor-trustee; and the plan further recited that all provisions of the trust indenture should remain in full force and effect except as the same may conflict with the provisions of the plan, and the confirmation of the plan should be deemed to have the effect of an amendment to the trust indenture. The foregoing recital in the plan recognizes the validity of the trust agreement under which the claimant-trustee rendered the services for which he is asking an allowance. There is no suggestion that the obligation which the debtor assumed to the claimant under the trust indenture was invalid, either in respect to the general obligation assumed by the debtor, or in respect to the provision which imposed a lien on the debtor's property to secure the debtor's obligation to the trustee.

As far as the record shows the claimant made no effort to obtain an order of allowance by a state court in any of the court proceedings in which he took part, nor does he claim any priority over any creditors by reason of the lien provision in the trust indenture. But insofar as his claim rests upon "costs and expenses" connected with the foreclosure proceeding in the Circuit Court of Milwaukee County, Wisconsin, any allowance therefor is placed in class 3 for priority payment. This gave priority payment over the expenses of the Protective Committee and other parties seeking fees in connection with the reorganization proceeding; and was no doubt done to furnish a fair substitute for the provision of the trust deed which provided for a lien upon the debtor's property in favor of the trustee, for the payment of "reasonable costs, charges, at-

torney's, solicitor's, counsel's fees," incurred in legal proceedings relating to or affecting the premises of the debtor.

Claimant sums up his case by pointing out that he is a general creditor asserting a claim essentially the same as a "bill for electric current, for water, or any other service rendered to the debtor under written contract"; and that the District Court was bound as to the existence of liability as recognized by the provisions of the reorganization act, the amount of the allowance resting in the discretion of the court.

It is clear from the memorandum opinion of the District Court that claimant's request for allowances was denied in toto on the ground that the services of himself and counsel did not contribute to the reorganization.[7] This was not proper ground for the rejection of the claim which was being asserted by the claimant as a creditor of the debtor for services which were rendered prior to and without any intention of contributing to the reorganization, and which did not contribute to the reorganization. It is the position of the claimant that the services did confer substantial benefit upon the debtor in respect to its property; and that by the terms of the trust covenant a lien was created against the property of the debtor for the purpose of securing payment for the services. Provision was made in the plan of reorganization for the protection of the claim, at least to the extent of recognizing liability for payment out of the funds of the debtor. Since the claimant elected to depend upon the discretion of the trial judge in the reorganization proceedings, his claim was subjected to the appropriate provisions of the reorganization statute. The pertinent provisions require the district judge to scrutinize, and permit him to disregard any provisions of any trust indenture affecting the claim; and authorize him to restrain the exercise of any power which he finds to be unfair, and also to limit the claim to the actual consideration paid therefor. By approving the plan of reorganization the district judge found that the claim was meritorious and was entitled to payment. The provisions of the plan which related to the

---

[7] "Surely, the right to impose them upon the debtor as a part of allowance to be made in the present proceeding cannot be made to depend upon any circumstance excepting their clear contribution to the reorganization." (Quoted from memorandum opinion of District Court.)

claim did not purport to fix the amount of allowance, but left that to the discretion of the judge; and the judge was free to limit it to the consideration paid therefor. Since the consideration paid therefor was in the form of services to the debtor, the trial court was free to differentiate between the value of the services to the bondholders and the actual value to the debtor. But services to the debtor in connection with the preservation of its property were not the same as services to the reorganization proceedings.

The claimant does not insist upon any definite amount of compensation and states his willingness to accept $4,500, an amount which the debtor concedes is available under the provisions of the reorganization plan; and claimant requests this court to fix the amount of a reasonable allowance. In Re Shorewater Corp., Shorewater Corporation v. Harbeck, supra, this Court fixed the amount of allowance; but in that case the state court had fixed an amount for the services in question and the debtor's plan proposed to pay the amount as fixed by the state court. In the instant case, however, there was no finding as to the value of the services either by a state court or by the master; and the trial court did not pass upon the value of the services to the debtor.

As pointed out above, the District Court refused an allowance on the ground of lack of contribution to the formulation and adoption of the plan. But since the plan recognizes that the services were of value to the debtor and imposes the liability therefor upon the debtor, we are of the opinion that the District Court should reconsider the claim on the assumption that there is liability and that some fair allowance should be made. As suggested, we think it is within the discretion of the District Court to limit the amount to the actual value of the services to the debtor in conserving the debtor's property; and the burden is upon the claimant to show their value to the debtor apart from their value to the bondholders.

We are of the opinion that the decree of the District Court should be reversed and the cause remanded with directions to reconsider the claim on the theory that liability is imposed upon the debtor by the provisions of the reorganization plan, the amount of the allowance to be determined by the court. In accordance with the foregoing the decree of the District Court is

Reversed.