In re BUILDINGS DEVELOPMENT CO.

EMPIRE BLDG. BONDHOLDERS PROTECTIVE COMMITTEE v. BUILDINGS DEVELOPMENT CO. et al.

No. 6387.

Circuit Court of Appeals, Seventh Circuit.

July 27, 1938.

Irving A. Puchner, of Milwaukee, Wis. (Don Kenneth Jones, of Chicago, Ill., of counsel), for appellant.

Harry J. Burczyk, of Milwaukee, Wis., for appellees.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR Circuit Judge.

This is an appeal from the decree of the District Court denying the claim of the Empire Building Bondholders Protective Committee for an allowance for services in a reorganization proceeding.

This cause arises out of the same reorganization proceedings as does 6386, 7 Cir., 98 F.2d 841, decided of this date, and the records of the two causes were consolidated for appeal.

The facts additional to those stated in cause No. 6386, which are pertinent are these: On December 12, 1929 (about 4½ years prior to the reorganization proceedings and before section 77B, Bankr.Act, 11 U.S.C.A. § 207, was passed), an instrument referred to as a deposit agreement was executed by the holders of 95% of the first mortgage bonds. Pursuant to the terms of this agreement the Empire Building Bondholders Protective Committee was

formed. The instrument contained the usual recitals and provisions found in such deposit agreements. Provision was made for the deposit of bonds with the committee which should act for the bondholders, and legal title to the deposited bonds passed to the committee. Bondholders who did not deposit their bonds were excluded from the agreement and its benefits, and the compensation of the committee and its counsel was made a first lien on the deposited bonds, and the committee was to "look solely to the security of the deposited bonds" for payment. The agreement also recites the nature of the services to be performed by the committee. The committee was organized exclusively by the bondholders and for the exclusive benefit of such bondholders as joined in the agreement; and the interest it was to protect was solely that of such bondholders.

Appellant was permitted to intervene, and became a party below; and thereafter submitted to the District Court a proposed plan for reorganization, which was later adopted and confirmed by the court with minor modifications.

Thereafter the committee filed a petition for compensation, which included (1) A claim for compensation for services rendered prior to institution of reorganization proceedings, and (2) claim for compensation for services rendered after institution of such proceedings.

The services of the committee prior to the institution of reorganization proceedings did not contemplate a reorganization and were performed for the sole purpose of protecting the claims of holders of first mortgage bonds who were parties to the deposit agreement. The decisions establish that services rendered prior to the institution of a reorganization proceeding may be compensated as a part of the cost of reorganization, if they are in fact of value in the formulation and adoption of the plan. But when a committee is organized for the purpose of protecting the interest solely of a designated group of creditors and when all of the steps taken by this committee are taken for the purpose of protecting the interest of the designated class of creditors, and when there is no intention to aid the debtor directly by preserving its property for purposes of reorganization for the benefit of the debtor as well as creditors, such services cannot be said to be rendered in connection with a subsequent reorgan-

ization proceeding and plan simply because such services prevented, or helped to prevent, the debtor from losing the only assets out of which such creditors might obtain payment.[1]

In the instant case the services performed by the committee prior to the institution of the reorganization proceedings were not rendered in anticipation of a reorganization; and the evidence fails to disclose that such services contributed to the formulation and adoption of the plan which was afterwards submitted by the committee. No doubt the services helped to keep legal title to its property in the debtor; but there was no intention to accomplish this result in order to preserve assets as the basis of a reorganization for the benefit of the debtor as well as for creditors.

■ The evidence does not show an abuse of discretion by the District Court in denying compensation for the services of the Protective Committee which were rendered prior to the institution of the reorganization proceedings.

■ As pointed out above, after the petition for reorganization was filed the committee was permitted to intervene and later formulated and submitted a plan of reorganization which was approved substantially as submitted. The reorganization act[2] provides that compensation may be allowed for services rendered and reimbursements made for expenses incurred in connection with the proceeding and plan by parties in interest, committees, or other representatives of creditors. The rule which clearly is deducible from the authorities is that where a party designated by the act renders services in connection with the proceeding and plan the court may not, without some special justification, refuse to allow any compensation whatever.[3] "For successful administration of the statute it is as important that committees who have earned something should get some compensation as it is that they should not get too much."[4] In In re A. Herz, Inc.,[5] this court remarked that "The discretion thus lodged by statute in the court must be exercised with judgment and with the double purpose of doing equity to those distressed and at the same time rewarding faithful and necessary service with reasonable compensation."

We are of the opinion that the facts in the instant case, under the authorities, establish as a matter of law that a service of value was rendered "in connection with the proceeding and plan"; and it follows that such service was compensable.

■ The committee urges that this court, in the interest of economy and for the purpose of ending litigation, should fix proper allowances. While we are clear that the evidence discloses that some allowance should be made to the committee for its services, we do not feel that we would be justified on the record in attempting to determine the amount which should be allowed. Consequently, we are of the opinion that the decree of the court in this cause should be reversed and the cause remanded to the District Court with directions to reconsider the committee's claim and to determine a fair allowance for the services rendered and expenses necessarily incurred after the institution of the reorganization proceedings insofar as, in the judgment of the District Court, these services were rendered and expenses incurred "in connection with the proceeding and plan." Nothing in this opinion is intended to restrict the District Court's exercise of discretion in evaluating services and in determining the necessity of incurring expenses. And if, as suggested in the memorandum opinion, different persons or groups are claiming allowances for the same services, and claims are in fact overlapping, the District Court is free to take that fact into consideration in apportioning allowances.

The decree of the District Court is

Reversed.

---

[1] See In re Sheridan-Melrose Bldg. Corp., 7 Cir., 86 F.2d 2; In re Memphis Street Ry. Co., 6 Cir., 86 F.2d 891; and In re Milwaukee Lodge No. 46, etc., 7 Cir., 83 F.2d 662 in which allowance for compensation was approved. See Williams et al. v. Great Lakes Terminal Warehouse Co., 6 Cir., 87 F.2d 115 (certiorari denied 301 U.S. 710, 57 S.Ct. 942, 81 L.Ed. 1364) in which compensation was denied.

[2] 11 U.S.C.A. § 207, et seq.

[3] In re Central Shorewood Building Corp., 7 Cir., 90 F.2d 725.

[4] In re Prudence Co., Inc., 5 Cir., 93 F.2d 455, 456.

[5] 81 F.2d 511, 512.