In re PRUDENCE-BONDS CORPORATION.

No. 229.

Circuit Court of Appeals, Second Circuit,
April 5, 1940.

Writ of Certiorari Granted June 3, 1940.

See — U.S. —, 60 S.Ct. 1101, 84 L.Ed. —.

38

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

This case embraces a large number of appeals from orders granting or refusing allowances of compensation or reimbursement in a corporate reorganization proceeding which was initiated in 1934 pursuant to section 77B of the Bankruptcy Act. 11 U.S.C.A. § 207. All the appeals were taken after the Chandler Act, 11 U.S.C.A. § 1 et seq., was in effect. Orders of consolidation have been entered by this court directing that the appeals be heard upon a consolidated and supplemental record. The first group of appeals was argued in May 1939, and an order was entered on the appeal of Bank of Manhattan Company and others in the same position, directing the district court to determine the allowances to be awarded the corporate trustees and their attorneys; decision of the other appeals—those relating to allowances to committees and their attorneys—was held in abeyance. In re Prudence-Bonds Corporation, 2 Cir., 106 F.2d 44. In compliance with our direction the district court passed upon the applications for allowance by the corporate trustees and their attorneys by its order of November 6, 1939. This order was brought to our attention by a supplemental record. Argument on this second group of appeals was had February 16, 1940. While the case was under advisement as to both groups of appeals, the Supreme Court, on March 11, 1940 handed down its decision in The Dickinson Industrial Site Inc. v. Cowan, 308 U.S. —, 60 S.Ct. 595, 597, 84 L.Ed. —. Thereupon certain of the appellees moved for dismissal of the appeals for want of jurisdiction. Even in the absence of such motion this court would be obliged to consider the question of its own jurisdiction in the light of the Dickinson decision.

The Dickinson case holds that appeals from orders granting or refusing allowances of compensation or reimbursement in corporate reorganizations must be taken under section 250 of the Chandler Act, 52 Stat. 901, 11 U.S.C.A. § 650, and "may be had only at the discretion of" the appellate court. This court had previously held that appeals from such orders, where the amount involved exceeded $500, could be taken as of right under section

AUGUSTUS N. HAND, Circuit Judge, dissenting.

Percival E. Jackson, Clinton T. Roe, George M. Jaffin, and Leonard Klaber, all of New York City, for the motions.

James F. Dealy, Charles M. McCarty, Irving L. Schanzer, and J. M. Richardson Lyeth, all of New York City, in opposition.

24, sub. a, 11 U.S.C.A. § 47, sub. a, and required no allowance by the appellate court. London v. O'Dougherty, 2 Cir., 102 F.2d 524. In reliance upon that decision each of the appeals at bar was taken by filing a notice of appeal in the district court, and no application for leave to appeal was made to this court at any time. Consequently the question arises whether this court has jurisdiction to consider the merits or must dismiss the appeals for failure of the appellants to comply with section 250.

Section 250 provides that appeals of the character of those under discussion "may, in the manner and within the time provided for appeals by this Act [title], be taken to and allowed by the circuit court of appeals." This language may well mean that both the taking and the allowance of the appeal must be within the time limited by the Act; that is, the 30 or 40 days specified in section 25, sub. a, 52 Stat. 855, 11 U.S.C.A. § 48, sub. a. We should not hesitate, however, to hold that a request for allowance within the time limited would serve to give the court jurisdiction, although the request was acted upon later. See In re Foster Construction Corp., 2 Cir., 49 F.2d 213. But even if the time limitation modifies only the verb "taken," the question remains whether an appeal which lies only in the discretion of the appellate court can be said to be taken "in the manner and within the time provided for appeals" by merely filing a notice of appeal in the district court. The phrase "in the manner" can only refer back to section 24, sub. b, which reads: "Such appellate jurisdiction shall be exercised by appeal and in the form and manner of an appeal." The language is so general as to leave at large "the form and manner of an appeal," whether it be an appeal as of right or one requiring allowance of the appellate court. However, section 24, sub. b is obviously derived from similar language in section 24, sub. b of the Bankruptcy Act, as amended by the Act of May 27, 1926, 44 Stat. 664, which has received judicial interpretation.

The first sentence of the section as amended declared that circuit courts of appeal shall have jurisdiction to revise in matter of law the "proceedings" of the courts of bankruptcy. The second sentence read as follows: "Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 [,] to be allowed in the discretion of the appellate court." Prior to the 1926 amendment "controversies" were reviewable in matter of law and fact by appeal, and "proceedings" were reviewable in matter of law by petition to revise. The amendment did away with the petition to revise. It did not change the nature of the review of "proceedings" (still confined to matter of law) but directed that it should be had "in the form and manner of an appeal" and "be allowed in the discretion of the appellate court." Section 24, sub. c, 44 Stat. 665, provided that all appeals should be taken within 30 days. In construing the 1926 amendment it was universally held that appeals under section 24, sub. a required a petition for appeal to be filed in the district court within 30 days from entry of the order appealed from; while in discretionary appeals under section 24, sub. b the application for allowance must be made to the appellate court within such 30 days. Unless such timely application was made, the appellate court lacked jurisdiction. As this court said in its opinion in In re Torgovnick, 49 F.2d 211, 212, "it is abundantly settled that application to this court for leave to appeal must be made within thirty days after the entry of the order, and that allowance by the District Court will not serve." Numerous cases from other circuits were cited in support of this statement. See also Robie v. Hart, Schaffner & Marx, 8 Cir., 40 F.2d 871; In re Federal Photo Engraving Corp., 2 Cir., 54 F.2d 628; Holmes v. Davidson, 9 Cir., 84 F.2d 111; Meyer v. Kenmore Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557, and cases cited therein. After the enactment of section 77B it was authoritatively determined that an order making or refusing an allowance of attorney's fees was appealable only under section 24, sub. b. Shulman v. Wilson-Sheridan Hotel Co., 301 U.S. 172, 57 S.Ct. 680, 81 L.Ed. 986, affirmed a decision of the seventh circuit holding that the court lacked jurisdiction where no application for allowance of the appeal had been made to it.

With the foregoing judicial history as to the interpretation of the 1926 amendment of section 24, sub. b, we do not think it possible to hold that an appeal under the Chandler Act, taken as of right by filing a notice of appeal in the district court in a case requiring allowance by the appellate court, gives that court jurisdiction to allow it at any time, although no application for allowance was made within the

time prescribed for taking an appeal. It is true the fifth circuit appears to have done this in two cases. Baxter v. Savings Bank, 5 Cir., 92 F.2d 404; Wilson v. Alliance Life Ins. Co., 5 Cir., 102 F.2d 365. But those cases contain no discussion of the problem and no reference to the court's own ruling to the contrary in construing section 24, sub. b, as amended in 1926. Shoreland Co. v. Conklin, 5 Cir., 30 F.2d 489.

Order 36 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, effective February 13, 1939—a date prior to any of the appeals in the case at bar—deals with appeals as follows: "Appeals shall be regulated, except as otherwise provided in the Act, by the rules governing appeals in civil actions in the courts of the United States, including the Rules of Civil Procedure for the District Courts of the United States."

Rule 73(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, declares that when an appeal is permitted by law a party may appeal, within the time prescribed, by filing with the district court a notice of appeal. Failure to take further steps is not jurisdictional, but is ground only for such remedies as are specified in the rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal. It is to be observed that neither in Order 36 nor in Rule 73 is any distinction made between appeals as of right and appeals discretionary with the appellate court. The former General Order 36 likewise made no such distinction*; nevertheless the cases already cited show that an appeal granted by the district judge would not serve for a discretionary appeal under section 24, sub. b. It is true that discretionary appeals at that time brought up for review only matter of law, and that orders now appealable under section 250 of the Chandler Act bring up both law and fact, as does an appeal of right under section 24, sub. a. But the fact that both types of appeal provide the same breadth of review, does not appear to be a relevant consideration in determining the "manner" of taking a discretionary appeal. While it may be argued that the new General Order, incorporating Rule 73, contemplates only one "manner" of taking an appeal, the Supreme Court can hardly have meant that in appeals lying in the discretion of the appellate court a notice of appeal filed in the district court should be the correct procedure for taking the appeal. Such a contention flies in the face not only of the former practice under the 1926 amendment but also of the Dickinson case itself, where the very point urged for dismissal was that the appellants had not filed notice of appeal in the district court. Where an appeal is discretionary with the appellate court, we are reluctantly forced to the conclusion that the appeal is taken in a jurisdictional sense only by filing in the circuit court of appeals, within the time prescribed in section 25, sub. a, some paper which serves as a request to that court for leave to appeal.

The other arguments advanced in opposition to granting the motions at bar will not withstand scrutiny: (a) The recent decision of the Supreme Court in Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. ——, deals with the subject of collateral attack upon a judgment of an appellate court; it has nothing to do with the problem at bar, where our jurisdiction is attacked directly. (b) Arguments based on Taylor v. Voss, 271 U.S. 176, 46 S.Ct. 461, 70 L.Ed. 889, and similar cases, are not persuasive that an appeal as of right will serve as an application to the appellate court for leave to appeal. Cf. In re Kenmore Granville Hotel Co., 7 Cir., 90 F.2d 151, 152. The statute construed in the Taylor case contained no provision that petitions to revise were to be allowed in the discretion of the appellate court. It was apparently the practice to file petitions to revise in the circuit court of appeals, but we have found nothing to indicate that any order granting leave to file the petition was required. See In re B. & R. Glove Corp., 2 Cir., 279 F. 372, 374; Rule 16 of this court, printed in Collier, Bankruptcy, 13th ed. p. 2984. (c) The argument that the motion for leave to consolidate the appeals was equivalent to a motion for leave to appeal belies the facts. The appellants did not seek to have us al-

---

* Prior to the 1939 revision Order XXXVI of General Orders in Bankruptcy provided: "1. Appeals from a court of bankruptcy to a circuit court of appeals, or to the supreme court of a Territory, shall be allowed by a judge of the court appealed from or of the court appealed to, and shall be regulated, except as otherwise provided in the act, by the rules governing appeals in equity in the courts of the United States."

low the appeals, for they believed it unnecessary in view of our London decision; and in granting the motion we exercised no discretion with respect to allowance of the appeals for the same reason. (d) To protect the appellants merely because they were misled by our erroneous construction of the statute, now overruled by the Supreme Court, would require us to go contrary to elementary principles governing appellate jurisdiction. See Alaska Packers v. Pillsbury, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988.

Finally, it is argued on behalf of the appellants who are corporate trustees, that their appeals in part are not governed by section 250 but lie as of right, because part of their claim for compensation is for services under the trust indentures and was secured by lien thereunder until the corporate trustees were induced to turn over the collateral upon the understanding that their liens would be protected and continued. An order determining the amount of compensation secured by a lien is literally within the terms of section 250 as an order "making allowances of compensation or reimbursement." There would seem to be as much reason for an appeal from such an order to be discretionary as in the case of an order allowing fees which are unsecured. If the order deals with both types of compensation, as does the order under consideration, it is extremely unlikely that Congress meant that two appeals should be necessary to bring it up for review; one taken as of right, the other by leave of court. Article XIII of Chapter X of the Chandler Act, 11 U.S.C.A. § 641 et seq., deals comprehensively with compensation and allowances. Included therein is section 242(1) which specifically mentions the compensation and reimbursement of an indenture trustee and makes no distinction between lien and nonlien services. Section 250, dealing with appeals, must embrace all appeals from orders making or refusing allowances authorized by other sections of the article. We believe section 250 is applicable to all parts of the order of November 6th. So much of the order as defers payment of the lien compensation awarded the corporate trustees is but incidental to the order of allowance and is likewise governed by section 250.

Believing that this court is without jurisdiction to allow the appeals at this late day, we are constrained to grant the motions for dismissal of the appeals to which they are directed, and to dismiss of our own motion the other appeals herein.

It is so ordered.

AUGUSTUS N. HAND, Circuit Judge (dissenting).

It is with misgiving that I dissent from the conclusion reached by the majority of the court to the effect that the appeals in the foregoing proceeding must be dismissed because of lack of jurisdiction, for the conclusion my brethren have reached is in accord with numerous decisions in the United States Courts of Appeals. The Fifth Circuit, however, recently denied motions to dismiss appeals perfected under Section 24, sub. a, in Baxter v. Savings Bank, 92 F.2d 404, and Wilson v. Alliance Life Ins. Co., 102 F.2d 365, and treated appeals attempted under Section 24, sub. a without obtaining leave as though taken under Section 24, sub. b where leave was required.

The appeals here involve orders fixing compensation to the aggregate of hundreds of thousands of dollars. There is serious dispute both over the denial of compensation to some of the parties and over the amounts allowed to others. The awards affect great numbers of holders of participation certificates in one of the most extensive mortgage guaranty enterprises in New York. If a review of the orders may not be had the failure to obtain it will not be due to any neglect of the parties, but solely to their inevitable reliance upon our decision in London v. O'Dougherty, 2 Cir., 102 F.2d 524, which controlled the practice in this court until it was held erroneous by the Supreme Court in Dickinson Industrial Site Inc. v. Cowan, 308 U.S. ——, 60 S.Ct. 595, 84 L.Ed. ——, handed down on March 11, 1940.

Not only are the awards of compensation so substantial as to be very important to persons interested in the Prudence-Bonds Corporation, but the question whether this court has or has not acquired jurisdiction over an appeal where a party has taken timely steps to institute it is one of general interest and is one which I believe the Supreme Court has never conclusively determined. In Shulman v. Wilson-Sheridan Hotel Co., 301 U.S. 172, 57 S.Ct. 680, 81 L.Ed. 986, the Supreme Court did hold that the Circuit Court of Appeals of the Seventh Circuit rightly dismissed an appeal which had been taken as though a matter of right, when it properly lay only under Section 24, sub. b of the Bankruptcy Act

after leave had to be obtained. The decision, however, was not placed by the Supreme Court on lack of jurisdiction but upon failure to conform to statutory requirements. Under Section 250 of the Chandler Act the appeal in the present case should have been taken by applying to this court for leave, so that the mere filing of a notice of appeal in the District Court without petition to this court for leave was clearly irregular. Yet it does not follow that this court is entirely lacking in jurisdiction over the appeal. In Bryan v. Bernheimer, 181 U.S. 188, 21 S.Ct. 557, 45 L.Ed. 814; Holden v. Stratton, 191 U.S. 115, 24 S.Ct. 45, 48 L.Ed. 116, and Taylor v. Voss, 271 U.S. 176, 46 S.Ct. 461, 70 L.Ed. 889, the Supreme Court treated appeals taken as a matter of right and petitions to revise under Section 24, sub. b as sufficient to sustain jurisdiction over the appeals, whatever might be the proper mode of review, and authorized such additional steps as might be necessary to perfect the appeal. In other words, under those decisions, we may allow the appeals in the present case, as we certainly should do if the majority thought jurisdiction existed upon which further action might be founded. Although in most cases we should refuse to exercise our jurisdiction if the deviation from the correct procedure were not completely justified, the rigorous rule against permitting appeals where the time to institute them has elapsed would be sufficiently preserved if no more should be required to create jurisdiction than the filing of a notice of appeal. This would seem to be in conformity with the spirit of Rule 73(a) of the new rules.

The recent decision of the Supreme Court in Alaska Packers v. Pillsbury, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988, may be thought to indicate that the filing in this court of a petition for allowance of an appeal is a jurisdictional requirement. But in that case the court only held that the Ninth Circuit was without power to make a rule effecting appeals in admiralty by means of the mere filing of a notice of appeal where a statute in effect forbade such an appeal unless it were allowed after application duly made. The consideration of the case was apparently limited to the effect of the rule and the Supreme Court never dealt with the question whether the Circuit Court of Appeals could have sent the case back to the District Court to allow the appeal if it thought best. The decision only forbade the Circuit Court of Appeals from making a prospective rule covering all appeals in admiralty and precluding the District Court from exercising any discretion as to whether a particular appeal should be allowed or not.

In my opinion the motion to dismiss should be denied and the various appeals allowed.