## UNION GUARDIAN TRUST CO. v. COLWOOD CO.

### No. 8179.

Circuit Court of Appeals, Sixth Circuit.

April 12, 1940.

Elroy O. Jones, of Detroit, Mich. (Dykema, Jones & Wheat, of Detroit, Mich., on the brief), for appellant.

George Goldstein and A. George Abbott, both of Detroit, Mich. (Donald M. Sweeny, Havelock J. Northmore, and George D. Haller, all of Detroit, Mich., on the brief), for appellee.

Butzel, Levin & Winston, of Detroit, Mich., on brief amici curiae.

Harris W. Wienner, of Detroit, Mich., on brief in answer of all bondholders to brief amici curiae.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

Appellant as receiver and one of the trustees of appellee debtor appeals from allowance of fees by the District Court in corporate reorganization proceedings under Section 77B of the Bankruptcy Act, Title 11 U.S.C. § 207, 11 U.S.C.A. § 207. It claims the allowance is insufficient reasonably to

compensate it for services rendered as receiver in prior foreclosure proceedings in the state court, for services rendered as trustee in reorganization proceedings and for management fees up to the time of transfer of the property to the reorganized company.

The debtor was owner of a large motion picture theater and ten-story store and office building which it erected in the business section of Detroit, Michigan, on several contiguous parcels of land which it either owned in fee simple or held under long-term leases. The debtor issued $6,400,000 of first mortgage bonds secured by a trust mortgage on the whole property and leased it to the Fox Theatres Corporation, which owned all the capital stock of debtor. In 1931 the building rentals decreased so that debtor defaulted in the payment of interest upon the bonds, and at the request of the bondholders' committee, the trustee under the trust mortgage instituted foreclosure proceedings on October 27, 1931, in the Circuit Court of Wayne County, Michigan. Appellant, which was also trustee under the mortgage, was appointed receiver and took possession of the property. Pursuant to an agreement entered into on November 5, 1931, by all parties in interest, or their representatives, appellant company in its corporate capacity was appointed agent to manage the property, which it continued to do until the termination of the agreement, on or about February 2, 1933. The receivership was inactive during this period, and appellant company has received $29,414.21 for its services as agent, up to February 2, 1933, based upon a percentage of the returns of the property.

At the termination of the agency agreement, appellant as receiver in the state court took possession and control of debtor's property and continued to control it until about May 25, 1936, when it turned over the property to the temporary trustees appointed by the District Court in a voluntary proceeding in bankruptcy under Section 77B, instituted May 20, 1936. On November 9, 1935, prior to the voluntary petition, creditors of the debtor had filed an involuntary petition for reorganization of the debtor, which was later approved by the court, but dismissed after the filing of the voluntary petition. On or about December 16, 1935, subsequent to the involuntary proceeding under Section 77B, appellant as receiver in the foreclosure proceedings filed its petition in the state court for receivership fees up to December 10, 1935, which the state court allowed on January 10, 1936, in the amount of $30,899.09. On December 22, 1936, the state court allowed appellant an additional fee of $5,000 for administrative expenses in the foreclosure proceedings, and authorized appellant to petition the District Court in the 77B proceedings for the payment of the fees allowed by the state court. Appellant's petition, which included an application for trustee fees and management fees, was referred to the special master, who determined that the District Court was not bound by the finding of the state court as to the amount and reasonableness of the receivership fees. He recommended an allowance of $10,000 for receivership fees, $3,500 for trustee services, and $2,000 for management expenses. So far as they pertain to this appeal, the recommendations of the master were approved by the District Court, and it is from this order that the appeal is prosecuted.

Appellant contends that the District Court erred in failing to order payment of allowances as approved by the state court and in determining what were reasonable administrative allowances in the prior state receivership. It claims that the order of the state court was a final order of payment which could not be altered or reviewed by the federal court.

We find no merit in these contentions. Under Section 77B, sub. i, where a state receivership has theretofore existed, the court in reorganization proceedings "shall make such orders as he may deem equitable for the protection of obligations incurred by the receiver or prior trustee and for the payment of such reasonable administrative expenses and allowances in the prior proceeding as may be fixed by the court appointing said receiver or prior trustee." The use of the phrase "shall make such orders as he may deem equitable" gives the federal court jurisdiction to exercise its discretion in providing for the payment of "reasonable" allowances. Or, as stated in Callaghan v. Reconstruction Finance Corporation, 297 U.S. 464, 467, 56 S.Ct. 519, 520, 80 L.Ed. 804: "It is the judge in the reorganization proceeding who is to order payment of such reasonable administration expenses and allowances in the prior proceeding as may be fixed by the court appointing the 'prior trustee.' Plain-

ly the word 'reasonable' seems designed, by qualifying the action of the judge ordering the payment, to enable him to require that allowances, which the statute permits the prior judge to fix, shall not exceed the limit of reasonableness."

Cf. Shulman v. Wilson-Sheridan Hotel Co., 301 U.S. 172, 57 S.Ct. 680, 81 L.Ed. 986; In re New York Investors, Inc., 2 Cir., 79 F.2d 179; In re Central Shorewood Bldg. Corp., 7 Cir., 90 F.2d 725.

Nor was the order of the state court a final order of payment. The order of January 10, 1936, which fixed the original allowance, directed that no payment of such fees should be made "until further order of this court." The order of December 22, 1936, instructed the receiver to file a petition with the reorganization court "for the purpose of procuring such order of that Court as the said Court may deem equitable * * * for the payment of the * * * allowances in this proceeding as have been fixed by this Court." Hence the allowance by the state court fixed the amount without direction to pay, and remained subject to the supervising control of the reorganization court until payment was directed. Shulman v. Wilson-Sheridan Hotel Co., supra. However, in view of the services rendered in this case, we think that the allowance to appellant should be increased. The orders of the state court, in addition to lacking finality of direction, were made while reorganization was pending, and while the reorganization court had exclusive jurisdiction. Title 11 U.S.C. § 207(a), 11 U.S. C.A. § 207, sub. a. But they represented an appraisal of the services rendered by a court closely familiar with the work of the foreclosure proceeding, lasting more than four years. Moreover, we think that the payment of management fees to appellant for the years 1931 to 1933 does not affect the question. These fees were paid under a contract between the parties and were the ordinary compensation for building management earned in the routine way.

With reference to the receivership services, the situation presented was difficult. The existence of the ground leases, the impossibility of proper partition of the property so that the theater or building could be used in case the property was repossessed, and the burdensome tax situation, created a complex and seemingly insoluble problem, all of which was resolved by the consummation of the reorganization plan. The unpaid taxes were reduced from $500,000 to $170,742.75, and the annual tax reduced from over $130,000 in 1931 to $60,000 in 1938, by securing reduction in the property assessment. The property now has an assessed value of $2,000,000, although at the beginning of the reorganization proceedings, because of the existence of the ground leases, it had little value. Unpaid rentals under the ground leases were wiped out by the reorganization to the extent of more than $1,000,000. It is true that the receiver's counsel bore the brunt of the burden, and have been adequately recompensed; but the receiver itself for five years has given time, counsel and assistance. The orders of the state court were made after hearing and full consideration of all the facts, and they create a prima facie presumption of the approximate propriety of the allowance. Cf. Grossman v. Kridel, 2 Cir., 90 F.2d 624, 625. We think that $33,000 is a fair allowance for this period.

The application for percentage fees from July, 1937, to the date of the transfer under the reorganization plan, is denied. No contract existed justifying the allowance for this particular period, and the duties performed were duties properly performed by the trustee. The order of the District Court upon the application for services as temporary and permanent trustee from May 25, 1936, to July 29, 1937, is approved in the sum set, namely, $3,500. In view of the fact that appellant acted in various and at times overlapping capacities during this whole period, we think that it is adequately compensated for its services in all capacities during the period covered by the petition by the order hereinafter made.

The order of the District Court should be amended to allow as total payment to appellant the sum of $36,500, and the case is remanded for proceedings in conformity with this opinion.